**Hearing Date: August 27, 2024 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: August 20, 2024 at 4:00 p.m. (Prevailing Eastern Time)**

Togut, Segal & Segal LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Minta J. Nester
Jared C. Borriello
John C. Gallego

*Attorneys for Albert Togut*
*Not Individually But Solely in His Capacity*
*as the Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

|  |  |  |
|---|---|---|
| In re: | : | Chapter 7 |
|  | : |  |
| KOSSOFF PLLC, | : | Case No 21-10699 (DSJ) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

------------------------------------------------------------- X

|  |  |  |
|---|---|---|
| ALBERT TOGUT, Not Individually but Solely in His Capacity as Chapter 7 Trustee of the Estate of Kossoff PLLC, | : | |
|  | : | Adv. Pro. No. 23-01023 (DSJ) |
| Plaintiff, | : | |
|  | : | |
| v. | : | |
|  | : | |
| COLGATE UNIVERSITY;  and JEREMY KOSSOFF, | : | |
|  | : | |
| Defendants. | : | |

------------------------------------------------------------- X

|  |  |  |
|---|---|---|
| ALBERT TOGUT, Not Individually but Solely in His Capacity as Chapter 7 Trustee of the Estate of Kossoff PLLC, | : | |
|  | : | Adv. Pro. No. 23-01063 (DSJ) |
| Plaintiff, | : | |
|  | : | |
| v. | : | |
|  | : | |
| BANK OF AMERICA, N.A., | : | |
|  | : | |
| Defendant. | : | |

------------------------------------------------------------- X

ALBERT TOGUT, Not Individually but Solely      :
in His Capacity as Chapter 7 Trustee of the      :
Estate of Kossoff PLLC,                                        :
                                                                              :            Adv. Pro. No. 23-01064 (DSJ)
                                          Plaintiff,            :
                                                                              :
                             v.                                        :
                                                                              :
BANK OF AMERICA, N.A.,                               :
                                                                              :
                                          Defendant.        :
----------------------------------------------------------- X
ALBERT TOGUT, Not Individually but Solely      :
in His Capacity as Chapter 7 Trustee of the      :
Estate of Kossoff PLLC,                                        :
                                                                              :            Adv. Pro. No. 23-01077 (DSJ)
                                          Plaintiff,            :
                                                                              :
                             v.                                        :
                                                                              :
145 HENRY PARTNERS, LLC,                          :
                                                                              :
                                          Defendant.        :
----------------------------------------------------------- X
ALBERT TOGUT, Not Individually but Solely      :
in His Capacity as Chapter 7 Trustee of the      :
Estate of Kossoff PLLC,                                        :
                                                                              :            Adv. Pro. No. 23-01105 (DSJ)
                                          Plaintiff,            :
                                                                              :
                             v.                                        :
                                                                              :
HAVERFORD COLLEGE,                                 :
                                                                              :
                                          Defendant.        :
----------------------------------------------------------- X
ALBERT TOGUT, Not Individually but Solely      :
in His Capacity as Chapter 7 Trustee of the      :
Estate of Kossoff PLLC,                                        :
                                                                              :            Adv. Pro. No. 24-01004 (DSJ)
                                          Plaintiff,            :
                                                                              :
                             v.                                        :
                                                                              :
SSM REALTY GROUP, LLC and SSM REALTY :
GROUP II, LLC,                                                   :
                                                                              :
                                          Defendants.      :
----------------------------------------------------------- X

**NOTICE OF HEARING TO CONSIDER CHAPTER 7
TRUSTEE'S THIRD OMNIBUS APPLICATION FOR AN ORDER
FOR AN ORDER APPROVING SETTLEMENT STIPULATIONS**
(Colgate, Bank of America, 145 Henry Partners, Haverford, SSM Realty)

**PLEASE TAKE NOTICE** that a hearing will be held on **August 27, 2024 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing") or as soon thereafter as counsel can be heard, to consider the attached *Chapter 7 Trustee's Application for Entry of an Order Approving Settlement Stipulations* (the "Application") and objections thereto, if any.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be held before the Honorable David S. Jones, United States Bankruptcy Judge for the Southern District of New York, One Bowling Green, Room 701, New York, New York 10004.  The Hearing shall take place via Zoom for Government.  Those wishing to appear before the Court at the Hearing must register for appearance utilizing the Electronic Appearance portal located at the Court's website: https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.  Appearances must be entered no later than August 26, 2024, at 4:00 p.m. (Prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application must be made in writing, stating in detail the reasons therefor, and must be filed with the Clerk of the Bankruptcy Court, with paper copies delivered to Chambers, and served upon:  (i) Togut, Segal & Segal LLP, attorneys for Albert Togut, Chapter 7 Trustee, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Neil Berger, Esq., and Jared C. Borriello, Esq. (neilberger@teamtogut.com, jborriello@teamtogut.com);  (ii) the Office of the United States Trustee for the Southern District of New York (Region 2), One Bowling Green, Room 534, New York, NY 10004-1408, Attn:  Andrew D. Velez-Rivera, Esq. (Andy.Velez-Rivera@usdoj.gov);  (iii) Bond, Schoeneck & King PLLC, attorneys for Colgate University, One Lincoln Center, Syracuse, New York, 13202, Attn: Sara C. Temes, Esq. (temess@bsk.com) and Justin S.

Krell, Esq. (jkrell@bsk.com); (iv) McGuireWoods LLP, attorneys for Bank of America, N.A., 1251 6th Avenue, 20th Floor, New York, New York 10020, Attn: Shan P. Massand, Esq. (smassand@mcguirewoods.com); (v) Rubin LLC, attorneys for 145 Henry Partners LLC, 11 Broadway, Suite 715, New York, New York 10004, Attn: Paul A. Rubin, Esq. (prubin@rubinlawllc.com); (vi) Ballard Spahr LLP, attorneys for Haverford College, 919 N. Market Street, 11th Floor, Wilmington, Delaware, 19801, Attn: Matthew G. Summers, Esq. (SummersM@ballardspahr.com); (vi) Meltzer, Lippe. Goldstein & Breitstone, LLP, attorneys for SSM Realty Group LLC and SSM Realty Group II LLC, 190 Willis Avenue, Mineola, New York, New York 11501, Attn: Thomas J. McGowan, Esq. (TomM@meltzerlippe.com); and (vii) any parties required to be served under any applicable Bankruptcy Rule or Local Rule, so that they are actually received by the aforementioned parties not later than **4:00 p.m. (Prevailing Eastern Time) on August 20, 2024 at 4:00 p.m.**.  Objections not timely served and filed may not be considered by the Court.

 **PLEASE TAKE FURTHER NOTICE** that the Hearing may be adjourned from time to time, without further written notice to any party.

Dated:  New York, New York
         July 31, 2024

 ALBERT TOGUT, not individually but solely
 in his capacity as Chapter 7 Trustee
 By His Attorneys,
 TOGUT, SEGAL & SEGAL LLP
 By:

 */s/ Neil Berger*
 NEIL BERGER
 MINTA J. NESTER
 JARED C. BORRIELLO
 JOHN C. GALLEGO
 One Penn Plaza, Suite 3335
 New York, New York 10119
 (212) 594-5000

Togut, Segal & Segal LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Minta J. Nester
Jared C. Borriello
John C. Gallego

*Attorneys for Albert Togut*
*Not Individually But Solely in His Capacity*
*as the Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| KOSSOFF PLLC, | : | Case No. 21-10699 (DSJ) |
| | : | |
| Debtor. | : | |
| | : | |

-------------------------------------------------------------- X

| | | |
|---|---|---|
| ALBERT TOGUT, Not Individually but Solely in His Capacity as Chapter 7 Trustee of the Estate of Kossoff PLLC, | : : : | |
| | : | Adv. Pro. No. 23-01023 (DSJ) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COLGATE UNIVERSITY and JEREMY KOSSOFF, | : : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------------- X

| | | |
|---|---|---|
| ALBERT TOGUT, Not Individually but Solely in His Capacity as Chapter 7 Trustee of the Estate of Kossoff PLLC, | : : : | |
| | : | Adv. Pro. No. 23-01063 (DSJ) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BANK OF AMERICA, N.A., | : | |
| | : | |
| Defendant. | : | |

-------------------------------------------------------------- X

```
------------------------------------------------------------ X
ALBERT TOGUT, Not Individually but Solely   :
in His Capacity as Chapter 7 Trustee of the :
Estate of Kossoff PLLC,                     :
                                            :     Adv. Pro. No. 23-01064 (DSJ)
                    Plaintiff,              :
                                            :
             v.                             :
                                            :
BANK OF AMERICA, N.A.,                      :
                                            :
                    Defendant.              :
------------------------------------------------------------ X
ALBERT TOGUT, Not Individually but Solely   :
in His Capacity as Chapter 7 Trustee of the :
Estate of Kossoff PLLC,                     :
                                            :     Adv. Pro. No. 23-01077 (DSJ)
                    Plaintiff,              :
                                            :
             v.                             :
                                            :
145 HENRY PARTNERS, LLC,                    :
                                            :
                    Defendant.              :
------------------------------------------------------------ X
ALBERT TOGUT, Not Individually but Solely   :
in His Capacity as Chapter 7 Trustee of the :
Estate of Kossoff PLLC,                     :
                                            :     Adv. Pro. No. 23-01105 (DSJ)
                    Plaintiff,              :
                                            :
             v.                             :
                                            :
HAVERFORD COLLEGE,                          :
                                            :
                    Defendant.              :
------------------------------------------------------------ X
ALBERT TOGUT, Not Individually but Solely   :
in His Capacity as Chapter 7 Trustee of the :
Estate of Kossoff PLLC,                     :
                                            :     Adv. Pro. No. 24-01004 (DSJ)
                    Plaintiff,              :
                                            :
             v.                             :
                                            :
SSM REALTY GROUP, LLC and SSM REALTY        :
GROUP II, LLC,                              :
                                            :
                    Defendants.             :
------------------------------------------------------------ X
```

**TRUSTEE'S THIRD OMNIBUS APPLICATION**
**FOR AN ORDER APPROVING SETTLEMENT STIPULATIONS**
(Colgate, Bank of America, 145 Henry Partners, Haverford, SSM Realty)

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

Albert Togut, not individually but solely in his capacity as Chapter 7

trustee (the "Plaintiff" or "Trustee") of the estate of Kossoff PLLC, the debtor in the

above-captioned case (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP

(the "Togut Firm"), hereby makes this application (the "Application") for entry of an

order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"),

pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code")

and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

approving the:

i. *Stipulation and Order Settling Adversary Proceeding Against Colgate University*, annexed to the Proposed Order as **Exhibit 1** (the "Colgate Stipulation") by and between the Trustee, and defendant Colgate University ("Colgate");

ii. *Settlement Agreement and Release*, annexed to the Proposed Order as **Exhibit 2** (the "BANA Stipulation") by and between the Trustee and defendant Bank of America, N.A. ("BANA");

iii. *Stipulation and Order Settling Adversary Proceeding Against 145 Henry Partners, LLC*, annexed to the Proposed Order as **Exhibit 3** (the "145 Henry Stipulation") by and between the Trustee and defendant 145 Henry Partners, LLC ("145 Henry");

iv. *Stipulation and Order Settling Adversary Proceeding Against Haverford*, annexed to the Proposed Order as **Exhibit 4** (the "Haverford Stipulation") by and between the Trustee and defendant Haverford College ("Haverford");  and

v. *Stipulation and Order Settling Adversary Proceeding Against SSM Realty Group, LLC and SSM Realty Group II, LLC*, annexed to the Proposed Order as **Exhibit 5** (the "SSM Stipulation" and collectively with the Colgate Stipulation, the BANA Stipulation, the 145 Henry Stipulation, and the Haverford Stipulation, the "Stipulations") by and among the Trustee and defendants SSM Realty Group, LLC and SSM Realty Group II, LLC (together, "SSM"  and collectively with Colgate, BANA, 145 Henry, and Haverford, the "Settling Defendants" and together with the Trustee, the "Settling Parties").

In support of this Application, the Trustee respectfully submits the Declaration of Neil Berger, Esq., a member of the Togut Firm, annexed hereto as **Exhibit B** and incorporated herein by reference.  In further support of this Application, the Trustee respectfully states:

## PRELIMINARY STATEMENT[1]

Approval of the Stipulations will fully resolve the Trustee's fraudulent and preferential transfer claims against the Settling Defendants, and will enable the Trustee to recover $954,763.80 without the need for further discovery or litigation.

The Trustee has concluded, in his business judgment, that the Stipulations are fair and equitable, and entry into the Stipulations is in the best interests of the Debtor's estate (the "Estate").  In reaching that conclusion, the Trustee has considered, among other things, the defenses that have been asserted by the Settling Defendants and the costs, expenses, and delays associated with litigating disputed issues, the results of which are uncertain.  The amounts to be recovered pursuant to the Stipulations represent at least 70% of the demonstrated net claims against each of the Settling Defendants.

Based upon the foregoing and what is explained below, the Trustee respectfully requests that the Stipulations be approved by this Court.

---

[1] Capitalized terms used but not defined in this Preliminary Statement shall have the meaning ascribed to such terms where defined in the following sections of this Application.

## RELIEF REQUESTED

1.      The Trustee respectfully requests entry of the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, authorizing and approving the Stipulations pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this Application and the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).  Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

## BACKGROUND

### I.      The Chapter 7 Case

4.      On April 13, 2021 (the "Petition Date"), creditors of the Debtor filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against the Debtor in the above-captioned case [Case No. 21-10699 (the "Chapter 7 Case"), Docket No. 1].

5.      On May 11, 2021, the Court entered the order for relief [Chapter 7 Case, Docket No. 14].

6.      On May 12, 2021, Mr. Togut was appointed as the Chapter 7 Interim Trustee of the Debtor;  he accepted his appointment, and duly qualified.

7.      On February 24, 2022, Mr. Togut conducted the meeting of the Debtor's creditors pursuant to section 341 of the Bankruptcy Code and became the

permanent Chapter 7 Trustee of the Debtor pursuant to section 702(d) of the

Bankruptcy Code.

## II.   The Adversary Proceedings

### A.   The Colgate Adversary Proceeding

8.      On March 17, 2023, the Trustee commenced adversary proceeding

number 23-01023 (DSJ) (the "Colgate Adversary Proceeding") against Colgate and

Kossoff's son, Jeremy Kossoff, to avoid and recover direct and indirect prepetition

transfers made by the Debtor to Colgate (the "Colgate Claims") on account Jeremy

Kossoff's tuition for undergraduate enrollment at Colgate in the aggregate amount of

$244,639.50 (the "Colgate Transfers").

9.      On May 15, 2023, Colgate filed an answer in the Colgate Adversary

Proceeding [Colgate Adv. Pro. Docket No. 8].

10.     In its position statement and during settlement negotiations,

Colgate asserted, among other things, that it was entitled to defenses as a subsequent

transferee under section 550(b) of the Bankruptcy Code because the Colgate Transfers

were first made to an intermediary collection agent (the "Collection Agent") and that

Colgate was a good faith transferee for value.  Colgate also asserted that the Colgate

Transfers cannot be avoided because they were made for the benefit of a minor.  The

Trustee disputed those defenses and asserted that, among other things, the Collection

Agent acted as Colgate's conduit, and that the Colgate Transfers were not made on

account of a minor of the Debtor.

### B.   The BANA Adversary Proceedings

11.     On March 30, 2023, the Trustee commenced adversary proceeding

numbers 23-01063 (DSJ)  (the "1063 Adversary Proceeding") and 23-01064 (DSJ)

(the "1064 Adversary Proceeding and together with the 1063 Adversary Proceeding,

the "BANA Adversary Proceedings") against BANA to avoid and recover preferential

4

transfers made by the Debtor to BANA (the "BANA Claims") in the aggregate amount of $18,234 (the "BANA Transfers").[2]

12.      BANA has not yet filed an answer in either of the BANA Adversary Proceedings.  During settlement negotiations, BANA asserted ordinary course of business and subsequent new value defenses in response to the BANA Claims.  The Trustee disputed those defenses and asserted that, among other things, the BANA Transfers were made in furtherance of Kossoff's fraud and that the ordinary course of business defense is not available to BANA.

## C.    The 145 Henry Adversary Proceeding

13.      On April 3, 2023, the Trustee commenced adversary proceeding number 23-01077 (DSJ) (the "145 Henry Adversary Proceeding") against 145 Henry to avoid and recover preferential transfers made by the Debtor to 145 Henry from the Debtor's IOLA Account (the "145 Henry Claims") in the aggregate amount of $250,000 (the "145 Henry Transfers").

14.      145 Henry has not yet filed an answer.  In its position statement and during settlement negotiations, 145 Henry asserted, among other things, that the 145 Henry Transfers were made with funds in which the Debtor did not have an interest because they were made from the Debtor's IOLA Account.  The Trustee disputed that defense and asserted that, among other things, such funds constituted property in which the Debtor had an interest because the Debtor's IOLA account was heavily commingled when the 145 Henry Transfers were made.

## D.    The Haverford Adversary Proceeding

15.      On May 2, 2023, the Trustee commenced adversary proceeding number 23-01105 (DSJ) (the "Haverford Adversary Proceeding") against Haverford to

---

[2]      On May 1, 2023, the Trustee filed amended complaints in each of the BANA Adversary Proceedings [1063 Adv. Pro. Docket No. 6;  1064 Adv. Pro. Docket No. 6].

avoid and recover direct and indirect prepetition transfers made by the Debtor to
Haverford (the "Haverford Claims") in the aggregate amount of $105,000
(the "Haverford Transfers").

16.     On June 2, 2023, Haverford filed an answer in the Haverford
Adversary Proceeding [Haverford Adv. Pro. Docket No. 4], and pursuant to the Court's
scheduling order, the Trustee and Haverford engaged in discovery.

17.     In its position statement and during settlement negotiations,
Haverford asserted, among other things, that the Haverford Transfers are immune from
avoidance as "charitable contributions" pursuant to section 548(a)(2) of the Bankruptcy
Code.  The Trustee disputed that defense and asserted that, among other things,
Haverford cannot satisfy the requirements of section 548(d)(3) of the Bankruptcy Code
because the Debtor made the Haverford Transfers, not Kossoff individually.

E.     **The SSM Adversary Proceeding**

18.     On January 11, 2024, the Trustee commenced adversary proceeding
number 24-01004 (DSJ) (the "SSM Adversary Proceeding" and collectively with the
foregoing, the "Adversary Proceedings") against SSM to avoid and recover preferential
transfers made by the Debtor to SSM (the "SSM Claims" and collectively with the
foregoing, the "Claims") in the aggregate amount of $700,000 (the "SSM Transfers").
Certain of the SSM Transfers were made from the Debtor's operating account and
others were made from the Debtor's IOLA Account.

19.     SSM has not yet filed an answer.  During extensive settlement
negotiations, SSM asserted, among other things, that certain of the SSM Transfers were
made with funds that were not property of the Debtor because they made from the
Debtor's IOLA Accounts.  SSM has also asserted that the SSM Claims are precluded by
Kossoff's pre-petition misappropriation of more than $1.5M from SSM.  The Trustee
disputed those defenses and asserted that, among other things, that the SSM Transfers

6

23-01077-dsj   Doc 40   Filed 07/31/24   Entered 07/31/24 16:28:01   Main Document
Pg 13 of 101

represent transfers of property in which the Debtor had an interest because the Debtor's

IOLA Accounts was heavily commingled when the SSM Transfers from the IOLA

Account were made.  He has also asserted that the SSM Claims can be pursued

notwithstanding Kossoff's pre-petition misconduct.

       20.     On January 26, 2022, SSM filed Proof of Claim No. 29 in the

Chapter 7 Case in the amount of $1,565,041.78 ("Claim No. 29").

**III.   The Stipulations**

       21.     The Trustee has taken considerable efforts to negotiate settlements

with the Settling Defendants, which are summarized below.[3]

    **A.    The Colgate Stipulation**

       22.     The Trustee disputed the defenses advanced by Colgate, and he

asserted, among other things, that the Collection Agent that was retained by Colgate

acted as Colgate's conduit/ agent, such that Colgate is not entitled to the defenses

contained on section 550(b) of the Bankruptcy Code, and that the Colgate Transfers

were not made on account of a minor of the Debtor.

       23.     However, absent a settlement, the resolution of those factual and

legal disputes would require extensive fact and expert discovery concerning, among

other things, the extent and nature of the Collection Agent's relationship with Colgate

and the Debtor's insolvency on the dates of each of the Colgate Transfers.  In addition,

the Court would be required to determine whether Colgate could maintain its defense

that the Colgate Transfers were made on account of a minor.  That discovery and

---

[3]    The summaries of the Stipulations set forth herein are provided for the convenience of the Court and
parties in interest.  In the event of any inconsistency between the summaries in this Application and
the terms of the Stipulations, the terms of the Stipulations shall govern.  Capitalized terms used but
not defined in this summary shall have the meaning ascribed such term in the respective Stipulation.

motion practice would be time-consuming and expensive, and without certainty of outcome.

24.     The Colgate Stipulation, annexed to the Proposed Order as **Exhibit 1**, provides for the full resolution of the Colgate Claims and defenses. The material terms of the Colgate Stipulation are:

- Colgate will pay One Hundred and Seventy-Five Thousand Dollars ($175,000) (the "Colgate Settlement Amount") to the Trustee in full settlement of the Colgate Claims;  and

- The Trustee and Colgate will release one another from claims that may have accrued until the Payment Date, except for claims related to:  the obligations, or breach thereof, arising under the Colgate Stipulation; and the Trustee's claims against defendant Jeremy Kossoff.

25.     The Trustee weighed the costs and benefits associated with ongoing pursuit of the Colgate Claims against the recovery of the Colgate Settlement Amount, which represents a recovery of more than 70% of the Colgate Claims, and he has determined that the Colgate Settlement Amount is justified under the circumstances because it provides an appropriate risk-adjusted net benefit to the Estate.

### B.     The BANA Stipulation

26.     The Trustee analyzed and verified the ordinary course of business and subsequent new value defenses asserted by BANA.

27.     The BANA Stipulation, annexed to the Proposed Order as **Exhibit 2**, provides for the full resolution of the BANA Claims and will result in the Trustee's recovery of the full amount of the BANA Claims after application of BANA's defenses. The material terms of the BANA Stipulation are:

- BANA will pay (i) Seven Thousand Seven Hundred Dollars ($7,700) to the Trustee in full settlement of the BANA Claims asserted against BANA in the 1063 Adversary Proceeding, and (ii) Five Thousand Sixty-Three Dollars and Eighty Cents ($5,063.80) to the Trustee in full settlement of the BANA Claims asserted against BANA in the

1064 Adversary Proceeding (together, the "BANA Settlement
Amount");[4]  and

- The Trustee and BANA will release one another from claims that may
  have accrued until the Effective Date, except for claims related to the
  obligations, or breach thereof, arising under the BANA Stipulation.

28.     Given the defenses asserted by BANA described above, the

Trustee determined that no purpose would be served by further litigating the BANA

Claims.  Accordingly, the Trustee determined that the BANA Settlement Amount set

forth in the BANA Stipulation is justified under the circumstances because it provides a

net benefit to the Estate.

## C.     The 145 Henry Stipulation

29.     The Trustee conducted extensive legal research and fact diligence

in connection with the defense advanced by 145 Henry.  While he is confident that he

would ultimately prevail with the 145 Henry Claims, he recognizes that absent a

settlement, resolution of the disputed issues would require extensive fact and expert

discovery concerning, among other things, tracing and commingling analyses between

the Debtor's and Kossoff's bank accounts.  In addition, the Court would be required to

determine whether the funds used to make the 145 Henry Transfers constituted

property in which the Debtor had an interest given such commingling and based on the

parties' competing tracing analyses.  That discovery and motion practice would be

time-consuming and expensive, and without certainty of outcome.

---

[4]   The BANA Settlement Amount has been delivered to the Trustee, and it is being held in the Trustee's
earnest money account for the Estate.

9

30.     The 145 Henry Stipulation, annexed to the Proposed Order as

**Exhibit 3**, provides for the full resolution of the 145 Henry Claims and defenses.  The

material terms of the 145 Henry Stipulation are:

- 145 Henry will pay One Hundred and Eighty-Seven Thousand Five
  Hundred Dollars ($187,500) (the "145 Henry Settlement Amount")
  to the Trustee in full settlement of the 145 Henry Claims;[5]  and

- The Trustee and 145 Henry will release one another from claims
  that may have accrued until the Effective Date, except for claims
  related to the obligations, or breach thereof, arising under the
  145 Henry Stipulation.

31.     The Trustee weighed the costs and benefits associated with

ongoing pursuit of the 145 Henry Claims against the 145 Henry Settlement Amount,

which represents a recovery of greater than 70% of the 145 Henry Claims.  Based on the

foregoing, the Trustee determined that the 145 Henry Settlement Amount is justified

under the circumstances because it provides an appropriate risk-adjusted net benefit to

the Estate.

### D.     The Haverford Stipulation

32.     The Trustee disputed the defense advanced by Haverford.  He has

asserted, among other things, that the Haverford Transfers were not "charitable

contributions" protected under section 548(a)(2) of the Bankruptcy Code because they

were made by the Debtor and not by Kossoff individually, as required under section

548(d)(3) of the Bankruptcy Code.

33.     However, absent a settlement, the Trustee and Haverford would be

required to continue with fact and expert discovery, and subsequent motion practice

pursuant to the scheduling order entered by the Court in the Haverford Adversary

Proceeding.

---

[5]     The 145 Henry Settlement Amount has been delivered to the Trustee, and it is being held in the
Trustee's earnest money account for the Estate.

34.     The Haverford Stipulation, annexed to the Proposed Order as

**Exhibit 4**, provides for the full resolution of the Haverford Claims and defenses.  The

material terms of the Haverford Stipulation are:

- Haverford will pay Seventy-Five Thousand Dollars ($75,000) (the "Haverford Settlement Amount") to the Trustee in full settlement of the Haverford Claims;  and

- The Trustee and Haverford will release one another from claims that may have accrued until the Payment Date, except for claims related to the obligations, or breach thereof, arising under the Haverford Stipulation make the following releases.

35.     The Trustee weighed the costs and benefits associated with

ongoing pursuit of the face value of the Haverford Claims against the Haverford

Settlement Amount, which represents a recovery of greater than 70% of the Haverford

Claims.  The Trustee determined that the Haverford Settlement Amount is justified

under the circumstances because it provides an appropriate net benefit to the Estate.

### E.    The SSM Stipulation

36.     The Trustee analyzed the defenses advanced by SSM, which

involves similar legal issues to that of 145 Henry described above.  However, absent a

settlement, the required extensive fact and expert discovery concerning, among other

things, tracing and commingling analyses, independent to that related to 145 Henry,

would be time-consuming, expensive and without certainty of outcome.  In addition,

the SSM Stipulation provides for the assignment to the Trustee of Claim No. 29, which

may enhance the Estate's rights against other parties.

37.     The SSM Stipulation, annexed to the Proposed Order as **Exhibit 5**,

provides for the full resolution of the SSM Claims and defenses.  The material terms of

the SSM Stipulation are:

- SSM will pay Five Hundred and Five Thousand Dollars ($505,000) (the "SSM Settlement Amount") to the Trustee in full settlement of the SSM Claims;

- The Trustee and SSM will release one another from claims that may have accrued until the Effective Date, except for claims related to: the obligations, or breach thereof, arising under the SSM Stipulation; any claim SSM asserts on the basis of the SSM Stipulation pursuant to section 502(h) of the Bankruptcy Code; and any of the Assigned Claims; and

- Upon the Trustee's receipt of the SSM Settlement Amount, Claim No. 29 filed by SSM in this Chapter 7 Case will be deemed amended to assert a claim pursuant to section 502(h) of the Bankruptcy Code to include the SSM Settlement Amount, for a total claim amount of $2,070,041.78.

38.     The Trustee weighed the costs and benefits associated with ongoing pursuit of the face value of the SSM Claims against the SSM Settlement Amount, which represents a recovery of greater than 70% of the SSM Claims, and the assignment of Claim No. 29. The Trustee determined that the SSM Stipulation is justified under the circumstances because its terms provide an appropriate risk-adjusted net benefit to the Estate.

## **BASIS FOR RELIEF**

### **I.   The Stipulations Are Fair and Equitable and in the Best Interests of the Debtor's Estate**

39.     The Stipulations: (i) consensually resolve numerous disputed Claims asserted in the Adversary Proceedings; (ii) avoid the costs, expenses, and risks associated with continued litigation; and (iii) provide for the recovery of $954,763.80.

40.     Bankruptcy Rule 9019(a) provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

41.     Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105(a).

42.     The settlement of disputes is encouraged and generally favored in bankruptcy cases. *See Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); *see also In re*

*Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998) (the bankruptcy court may exercise its discretion in determining whether to approve a settlement "in light of the general public policy favoring settlements").

43.     Before approving a settlement under Bankruptcy Rule 9019, a court must determine that the proposed settlement is both (i) fair and equitable, and (ii) in the best interests of a debtor's estate.  *See Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007) (applying the "fair and equitable" standard to settlements pursuant to Bankruptcy Rule 9019);  *In re Enron Corp.*, Case No. 02-Civ-8489 (AKH), 2003 WL 230838, at *2 (S.D.N.Y. Jan. 31, 2003) ("A bankruptcy court may approve a settlement where the proposed settlement is both fair and equitable and in the best interests of the estate.") (internal quotation marks and citations omitted).

44.     To evaluate whether a settlement is fair and equitable, courts in the Second Circuit consider factors including the following:  (a) the balance between the possibility of success in any litigation and the settlement's future benefits;  (b) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay;  (c) the paramount interests of creditors, including the relative benefits, and the degree to which creditors either do not object to or affirmatively support the proposed settlement;  (d) whether other parties in interest support the settlement;  (e) the competency and experience of counsel supporting the settlement;  and (f) the extent to which the settlement is the product of arm's-length bargaining.  *See Iridium*, 478 F.3d at 462.  Not all of these factors are relevant to all cases.  *See Plaza Equities LLC v. Pauker (In re Copperfield Invs., LLC)*, 401 B.R. 87, 96 (Bankr. E.D.N.Y. 2009).

45.     Although a court should evaluate all factors "relevant to a fair and full assessment of the wisdom of the proposed compromise," (*Protective Committee for*

*Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25

(1968)), a court need not conduct a "mini-trial" of the merits of the claims being settled

(*see In re Purofied Down Prod. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993)), or conduct a full

independent investigation.  *See In re Drexel Burnham Lambert Grp., Inc.,* 134 B.R. 493, 496

(Bankr. S.D.N.Y. 1991).  The court is not required to decide every question of law or fact

raised by litigation, but rather should canvass the issues to determine whether the

settlement "falls below the lowest point in the range of reasonableness."  *See W.T. Grant*

*Co. v. Rodman (In re W.T. Grant Co.),* 699 F.2d 599, 608 (2d Cir. 1983);  *In re Adelphia*

*Commc'ns Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y.), *adhered to on reconsideration*, 327 B.R.

175 (Bankr. S.D.N.Y. 2005).

46.    The Trustee respectfully submits that the Stipulations satisfy the

standards for approval under Bankruptcy Rule 9019.

47.    The Trustee has considered what was learned through the

exchange of position statements, formal and informal document productions, and

settlement conferences with the Settling Defendants.

48.    After a thorough review of the relevant records and deliberate

consideration of the costs, uncertainty, and risks inherent in all litigation, the Trustee, in

exercise of his business judgment, has determined that it is appropriate to reach a

resolution of the Claims pursuant to the Stipulations rather than proceed with litigation

against the Settling Defendants, which would be expensive and uncertain.

49.    In reaching that determination, the Trustee has considered, among

other things:  the benefits to the Debtor's Estate;  the defenses asserted by the Settling

Defendants;  the cost, delay and risk of further litigation;  finality;  and the settlement

negotiations.  Each of which are addressed below.

### A.      Benefit to the Debtor's Estate

50.     The Stipulations further the interests of the Debtor's Estate by:
(i) obtaining the recovery of $954,763.80; and (ii) waiving certain of the Settling
Defendants' claims against the Estate pursuant to Bankruptcy Code section 502(h) on
account of the respective settlement amounts that they have agreed to pay.

51.     As a result of extensive negotiations, the Trustee's recovery from
the Settling Defendants represents at least 70% of the demonstrated net Claims, and the
Estate will benefit from SSM's assignment of Claim No. 29 to the Trustee.

### B.      The Defenses Asserted by the Settling Defendants

52.     The Settling Defendants asserted various defenses to the Claims, as
described above, each of which the Trustee carefully considered.  The Trustee
conducted factual and legal research regarding those defenses and, without waiving
any right, claim or defense against the Settling Defendants or other parties in the
Adversary Proceedings, concluded that a further motion practice and/or trials would
be costly and not without risk.

### C.      Avoidance of the Cost, Delay, and Risk of Further Litigation

53.     The Stipulations eliminate the expense and delay of litigation,
which would likely require pre-answer motion practice, extensive and costly fact and
expert discovery concerning events that occurred years ago, and the risk of prolonged
post-answer motion practice and trials.

54.     The Trustee cannot be certain that he would prevail on all counts in
such litigation, or that, even if success were guaranteed, any net litigation recovery
would be materially greater than the sums he is recovering through these settlements
given the assets of the Estate would most certainly be significantly depleted by further
litigation on the Claims.  Recoveries from individuals after prolonged litigation could
also be impaired by their eventual financial capacities and applicable exemptions.  Even

15

if successful in whole or in part, ongoing litigation of the Claims has the potential to delay recovery and distributions for years.

### D.     Finality

55.     The Stipulations fully resolve the Claims in the Adversary Proceedings by the Trustee against the Settling Defendants and include mutual releases subject to certain conditions.

### E.     Experienced Counsel and Arms-Length Negotiations

56.     The Settlement Parties are each represented by sophisticated and experienced counsel.  The Stipulations are the product of arm's-length and good faith negotiations over the course of months between the Trustee and the Settling Defendants.

57.     Based upon the foregoing, the Trustee respectfully submits that the terms of the Stipulations are fair, reasonable and equitable, in the best interests of the Debtor's Estate, and are well above the lowest point in the range of reasonable potential litigation outcomes.

## NOTICE

58.     Pursuant to Local Bankruptcy Rule 9074-1(b), notice of the Application has been given to:  (i) Settling Defendants, by their respective attorneys; (ii) the United States Trustee;  (iii) all of the other parties in the Adversary Proceedings; (iv) any party in interest which has filed a Notice of Appearance in the Chapter 7 Case; and (v) all of the Debtor's known creditors.

## NO PRIOR REQUEST

59.     No prior application for the relief requested herein has been made to this or any other Court.

## **CONCLUSION**

**WHEREFORE**, the Trustee respectfully requests that the Court enter the

Proposed Order, substantially in the form attached hereto as **Exhibit A**, approving the

Stipulations, and grant such other and further relief as is just and proper.

Dated: New York, New York
         July 31, 2024

ALBERT TOGUT, not individually but solely
in his capacity as Chapter 7 Trustee,
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Neil Berger*
NEIL BERGER
MINTA J. NESTER
JARED C. BORRIELLO
JOHN C. GALLEGO
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

17

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ X
                                             :

In re:                                 :        Chapter 7

KOSSOFF PLLC,                 :        Case No. 21-10699 (DSJ)

               Debtor.     :

------------------------------------------------------------ X
ALBERT TOGUT, Not Individually but Solely :
in His Capacity as Chapter 7 Trustee of the :
Estate of Kossoff PLLC,           :
                                 :        Adv. Pro. No. 23-01023 (DSJ)
             Plaintiff,    :

               v.          :

COLGATE UNIVERSITY and      :
JEREMY KOSSOFF,          :

            Defendants.   :
------------------------------------------------------------ X
ALBERT TOGUT, Not Individually but Solely :
in His Capacity as Chapter 7 Trustee of the :
Estate of Kossoff PLLC,           :
                                 :        Adv. Pro. No. 23-01063 (DSJ)
             Plaintiff,    :

               v.          :

BANK OF AMERICA, N.A.,      :

            Defendant.    :
------------------------------------------------------------ X
ALBERT TOGUT, Not Individually but Solely :
in His Capacity as Chapter 7 Trustee of the :
Estate of Kossoff PLLC,           :
                                 :        Adv. Pro. No. 23-01064 (DSJ)
             Plaintiff,    :

               v.          :

BANK OF AMERICA, N.A.,      :

            Defendant.    :
------------------------------------------------------------ X

```
------------------------------------------------------------ X
ALBERT TOGUT, Not Individually but Solely    :
in His Capacity as Chapter 7 Trustee of the    :
Estate of Kossoff PLLC,                        :
                                               :    Adv. Pro. No. 23-01077 (DSJ)
                Plaintiff,                     :
                                               :
          v.                                   :
                                               :
145 HENRY PARTNERS, LLC,                       :
                                               :
                Defendant.                     :
------------------------------------------------------------ X
ALBERT TOGUT, Not Individually but Solely    :
in His Capacity as Chapter 7 Trustee of the    :
Estate of Kossoff PLLC,                        :
                                               :    Adv. Pro. No. 23-01105 (DSJ)
                Plaintiff,                     :
                                               :
          v.                                   :
                                               :
HAVERFORD COLLEGE,                             :
                                               :
                Defendant.                     :
------------------------------------------------------------ X
ALBERT TOGUT, Not Individually but Solely    :
in His Capacity as Chapter 7 Trustee of the    :
Estate of Kossoff PLLC,                        :
                                               :    Adv. Pro. No. 24-01004 (DSJ)
                Plaintiff,                     :
                                               :
          v.                                   :
                                               :
SSM REALTY GROUP, LLC and SSM REALTY :
GROUP II, LLC,                                 :
                                               :
                Defendants.                    :
------------------------------------------------------------ X
```

## ORDER APPROVING
## <u>STIPULATIONS SETTLING ADVERSARY CLAIMS</u>
### (Colgate, Bank of America, 145 Henry Partners, Haverford, SSM Realty)

Upon the application (the "<u>Application</u>")[1] of Albert Togut, not individually but solely in his capacity as Chapter 7 trustee (the "<u>Trustee</u>") of the estate (the "<u>Estate</u>") of the above-captioned debtor, by his attorneys, Togut, Segal & Segal LLP (the "<u>Togut Firm</u>"), for entry of an order (this "<u>Order</u>") approving the:

i. *Stipulation and Order Settling Adversary Proceeding Against Colgate University*, annexed hereto as **Exhibit 1** (the "<u>Colgate Stipulation</u>") by and between the Trustee, and defendant Colgate University ("<u>Colgate</u>");

ii. *Settlement Agreement and Release*, annexed hereto as **Exhibit 2** (the "<u>BANA Stipulation</u>") by and between the Trustee and defendant Bank of America, N.A. ("<u>BANA</u>");

iii. *Stipulation and Order Settling Adversary Proceeding Against 145 Henry Partners, LLC*, annexed hereto as **Exhibit 3** (the "<u>145 Henry Stipulation</u>") by and between the Trustee and defendant 145 Henry Partners, LLC ("<u>145 Henry</u>");

iv. *Stipulation and Order Settling Adversary Proceeding Against Haverford*, annexed hereto as **Exhibit 4** (the "<u>Haverford Stipulation</u>") by and between the Trustee and Haverford College ("<u>Haverford</u>");  and

v. *Stipulation and Order Settling Adversary Proceeding Against SSM Realty Group, LLC and SSM Realty Group II, LLC*, annexed hereto as **Exhibit 5** (the "<u>SSM Stipulation</u>" and collectively with the Colgate Stipulation, the BANA Stipulation, the 145 Henry Stipulation, and the Haverford Stipulation, the "<u>Stipulations</u>") by and among the Trustee and defendants SSM Realty Group, LLC and SSM Realty Group II, LLC (together, "<u>SSM</u>" and collectively with Colgate, BANA, 145 Henry, and Haverford, the "<u>Settling Defendants</u>" and together with the Trustee, the "<u>Settling Parties</u>"),

pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019;  and upon the Declaration of Neil Berger in support of the Application;  and it appearing that the Court has jurisdiction to consider the Application and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.), and consideration of the Application and the

---

[1]   Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Application except where otherwise indicated.

3

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Estate; and this Court having reviewed the Application and the Stipulations; and good and sufficient notice of the Application having been given to all parties entitled thereto; and a hearing to consider the Application having been held before the Court (the "Hearing"); and upon the record made during the Hearing; and after due deliberation and sufficient cause appearing therefor, and upon all prior pleadings and proceedings had herein;

> **IT IS HEREBY ORDERED**:

> 1.     The Application is GRANTED and the Stipulations, the terms of which are incorporated herein, are approved.

> 2.     For the reasons set forth on the record of the Hearing, all objections, if any, to the Application and the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are hereby overruled on the merits with prejudice.

> 3.     The failure specifically to include any particular provision of the Stipulations in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Stipulations be authorized and approved in their entirety.

> 4.     The Trustee, the Togut Firm and the Settling Defendants are authorized to take all necessary actions and sign such documents as may be reasonably necessary to carry out the provisions of this Order.

5.      Upon the Trustee's receipt of the SSM Settlement Amount, Claim No. 29 filed by SMM shall be deemed amended to assert a claim pursuant to section 502(h) of the Bankruptcy Code for a total claim amount of $2,070,041.78.

6.      The Stipulations and any related agreements, documents, or other instruments may be further modified, amended, or supplemented by the applicable Settlement Parties, in a writing signed by the applicable Settlement Parties without further order of this Court, provided that any such modification, amendment or supplement is consistent with this Order and does not have a material adverse effect on the Estate.

7.      The Court shall retain exclusive jurisdiction to enforce and implement this Order, the terms and provisions of the Stipulations, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith, in all respects including, but not limited to, retaining jurisdiction to (a) compel compliance with this Order and the Stipulations, (b) resolve any dispute, controversy or claim arising under or related to the Stipulations or the breach thereof and (c) interpret, implement, and enforce the provisions of this Order and resolve any disputes related thereto.

8.      Entry of this Order shall in no way impair the ability of the Court, United States Trustee, or Trustee to implement or enforce other orders of the Court entered in the Debtor's case, and all such orders shall continue in full force and effect.

Dated:   New York, New York
         _____, 2024

                                    _____
                                    HONORABLE DAVID S. JONES
                                    UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

**Colgate Stipulation**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger
Jared C. Borriello

*Attorneys for the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                              :
In re:                                                        :        Chapter 7
                                                              :
KOSSOFF PLLC,                                                 :        Case. No. 21-10699 (DSJ)
                                                              :
                              Debtor.                         :
------------------------------------------------------------- X
                                                              :
ALBERT TOGUT, Not Individually but Solely                     :
in His Capacity as Chapter 7 Trustee of the                   :
Estate of Kossoff PLLC,                                       :
                                                              :
                              Plaintiff,                      :        Adv. Pro. No. 23-01023 (DSJ)
                                                              :
              v.                                              :
                                                              :
COLGATE UNIVERISTY;  and                                      :
JEREMY KOSSOFF,                                               :
                                                              :
                              Defendants.                     :
------------------------------------------------------------- X

### STIPULATION AND ORDER SETTLING
### ADVERSARY PROCEEDING AGAINST COLGATE UNIVERSITY

This stipulation and order (the "Stipulation") is made by and between

Albert Togut, not individually but solely in his capacity as Chapter 7 trustee (the

"Plaintiff" or "Trustee") of the above-captioned debtor (the "Debtor") and Colgate

University, defendant in the above-captioned adversary proceeding ("Colgate," and

together with the Trustee, the "Parties"):

### RECITALS

**WHEREAS**, on April 13, 2021 (the "Petition Date"), creditors of the Debtor

commenced the above-captioned chapter 7 case by filing an involuntary petition for relief under Chapter 7 (the "<u>Chapter 7 Case</u>") of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>" or the "<u>Court</u>");  and

     **WHEREAS**, on May 11, 2021, the Court entered an order for relief under Chapter 7 of the Bankruptcy Code [Docket No. 14];  and

     **WHEREAS**, on May 12, 2021, Albert Togut was appointed as Chapter 7 Interim Trustee of the Debtor and its estate (the "<u>Estate</u>");  he duly qualified and is acting as Trustee of the Debtor;  and

     **WHEREAS**, on June 15, 2021, the Bankruptcy Court entered an order authorizing the Trustee to retain Togut, Segal & Segal LLP as his bankruptcy counsel (the "<u>Togut Firm</u>") [Docket No. 72];  and

     **WHEREAS**, on March 17, 2023, Plaintiff commenced the above-captioned adversary proceeding (the "<u>Adversary Proceeding</u>") in the Bankruptcy Court by filing the *Complaint* [Adv. Pro. Dkt. No. 1] (the "<u>Complaint</u>");  and

     **WHEREAS**, defendant Jeremy Kossoff filed an Answer and an Amended Answer in the Adversary Proceeding [Adv. Pro. Dkt. Nos. 13, 14];  and

     **WHEREAS**, on May 15, 2023, Colgate filed an Answer to the Complaint [Adv. Pro. Dkt. No. 8];  and

     **WHEREAS**, Colgate denies the claims asserted against it in the Adversary Proceeding (the "<u>Colgate Claims</u>") and asserts that it has no liability in connection with any of the allegations in the Complaint;  and

     **WHEREAS**, as a result of settlement negotiations, and to avoid the costs and risks of further litigation, the Parties have determined to resolve their disputes pursuant to the terms of, and subject to the conditions set forth in, this Stipulation.

## SETTLEMENT

**NOW, THEREFORE**, **IT IS HEREBY STIPULATED AND AGREED**, by

and between the Parties, intending to be legally bound, as follows:

1.      The recitals set forth above are incorporated herein by reference.

### A.      The Approval Order

2.      Promptly following his receipt of a fully signed copy of the

Stipulation, the Trustee will file an application (the "Application") requesting that the

Bankruptcy Court enter an order approving this Stipulation (the "Approval Order").  The

Stipulation shall be binding on the Parties upon execution, and each of the Parties shall

support entry of the Approval Order.  If not approved by the Court, this Stipulation shall

be null and void, with no force or effect, and the Parties will be returned to the *status quo*

*ante* as if the Stipulation had never been entered.  The terms and conditions of this

Stipulation shall not be stayed pursuant to Rule 6004 of the Federal Rules of Bankruptcy

Procedure.

3.      The deadlines, including any discovery deadline, regarding the

Colgate Claims and Colgate's rights and defenses in respect of the same are suspended

indefinitely pending the Bankruptcy Court's consideration of the Application.

4.      If the Bankruptcy Court does not approve the Application, the

Trustee and Colgate shall meet and confer in good faith, and negotiate a new schedule

with respect to the Colgate Claims.

5.      The date on which the Approval Order becomes a final non-

appealable order and not subject to any stay shall be the "Effective Date."

### B.      Settlement of Claims and Payment of Settlement Amount

6.      Colgate shall pay a total of One Hundred Seventy-Five Thousand

($175,000) (the "Settlement Amount") to the Trustee as consideration for and in full and

final settlement of any and all of the Colgate Claims asserted against Colgate by the Trustee and the Estate.  The Settlement Amount shall be delivered by Colgate's check made payable to the Trustee and delivered to the Togut Firm in accordance with paragraph 7 below.

7.      The Settlement Amount ($175,000) shall be paid by Colgate to the Trustee no later than seven (7) business days after the later of the date that (a) is the Effective Date and (b) Colgate receives a copy of the Approval Order and a W-9 for the Debtor's estate (the "Payment Date").

8.      In the event that Colgate fails to pay the Settlement Amount on or before the Payment Date, counsel for the Trustee will send a written default notice (the "Default Notice") by electronic and first-class mail to Colgate's undersigned counsel.

9.      If Colgate fails to cure such default within ten (10) business days after receipt of the Default Notice, the Trustee may then seek entry of a default judgment against Colgate for the full amount sought in the Complaint, plus interest and costs.

C.      **Dismissal of Complaint as Against Colgate and Satisfaction of Judgment**

10.      After the Payment Date, the Parties shall undertake any actions as may be reasonably necessary to cause the Adversary Proceeding to be dismissed with prejudice as to Colgate, with each of the Parties bearing its own costs and expenses.

D.      **Releases**

11.      As of the Payment Date, the Trustee, on behalf of himself as Trustee, the Debtor, the Estate, and any and all of their respective successors and assigns, as well as any of their attorneys, retained professionals, shareholders, and agents, hereby releases, waives, acquits, and forever discharges Colgate and any and all of its respective successors and assigns, of and from any and all claims, damages, judgments, actions, suits, causes of action, rights, liens, obligations, attorneys' fees, and/or any other form of

liabilities or demands of any kind and nature arising, directly or indirectly or derivatively, from or relating to the Colgate Claims, the Adversary Proceeding, the Estate, and/or the Chapter 7 Case, whether in law or equity, whether known or unknown, that have accrued from the beginning of time through and including the Payment Date; provided, however, that the foregoing release in this paragraph 11 shall not apply to and shall not be deemed to release or discharge (a) any obligations of Colgate arising under and pursuant to this Stipulation, (b) any claims relating to any breach of the obligations arising under and pursuant to this Stipulation, or (c) the Trustee's claims against defendant Jeremy Kossoff.

12.    As of the Effective Date, Colgate hereby releases, waives, acquits, and forever discharges the Trustee, the Debtor, the Estate, and any and all of their respective successors and assigns, as well as their past, present and future representatives, attorneys, retained professionals, shareholders, insurers, re-insurers, and excess insurers, of and from any and all claims, damages, judgments, actions, suits, causes of action, rights, liens, obligations, attorneys' fees, and/or any other form of liabilities or demands of any kind and nature arising, directly or indirectly, from or relating to the Debtor, the Estate, the Chapter 7 Case, and/or the Adversary Proceeding, whether in law or equity, whether known or unknown, that have accrued from the beginning of time through and including the Effective Date; provided, however, that the foregoing release in this paragraph 12 shall not apply to and shall not be deemed to release or discharge (i) any obligations of the Trustee, on behalf of himself as Trustee, the Debtor, or the Estate arising under and pursuant to this Stipulation, (ii) any claims relating to any breach of the obligations of the Trustee, on behalf of himself as Trustee, the Debtor, or the Estate arising under and pursuant to this Stipulation, or (iii) Defendant's claims against defendant Jeremy Kossoff.  For the avoidance of doubt,

the releases set forth in this Stipulation do not release any and all claims that Colgate

may have against defendant Jeremy Kossoff, including any and all claims to seek

payment from Jeremy Kossoff resulting from any and all amounts paid by Colgate under

the terms of this Stipulation.

**E.**    **No Admission of Liability**

13.    This Stipulation is made in compromise of disputed claims and

solely to avoid the expense and inconvenience of litigation and is not, nor shall it be,

construed as a finding or admission of liability, fault, wrongdoing, obligation, or illegal,

immoral, or unethical conduct on the part of any of the Parties.

**F.**    **Representations**

14.    **Rule 408 Communication**.  No statement made or action taken in

connection with the negotiation of this Stipulation shall be offered or received in

evidence or in any way referred to in any legal action among or between the Parties,

other than as may be necessary to obtain approval of and enforce this Stipulation or any

dispute hereunder.  All of the paper and digital documents that were exchanged by the

Parties during their negotiations concerning the Adversary Proceeding (the "Settlement

Materials") are subject to Federal Rule of Evidence 408, and they shall be destroyed

promptly after the Payment Date except to the extent that a Party is required by

applicable law to maintain the Settlement Materials until the above-captioned Chapter 7

case is closed and in such event, the Settlement Materials shall be destroyed promptly

after the Chapter 7 case is closed.

15.    Each person signing this Stipulation represents and warrants that

they are authorized to execute and deliver this Stipulation on behalf of such Party, to

bind their respective client or clients to the terms and conditions of this Stipulation and to

act with respect to the rights and claims that are being altered or otherwise affected by

this Stipulation.  Notwithstanding anything to the contrary herein, nothing contained in
this Stipulation shall constitute a waiver of the Trustee's fiduciary duties to the Debtor
and the Estate in this or any other case, or his right to take such steps that he, in his sole
discretion, determines to be necessary or appropriate to preserve and protect such duties,
nor a waiver of Defendant's rights and remedies if the Trustee seeks to act in violation of
the terms set forth in this Stipulation.

16.     The Parties represent and acknowledge that, in executing this
Stipulation, they do not rely, and have not relied, upon any representation or statement
made by or on behalf of any Party, with regard to the subject matter, basis, or effect of
this Stipulation or otherwise, other than as specifically stated in this Stipulation.

17.     The Parties each further declare that, in making this Stipulation, they
rely entirely upon their own judgment, beliefs and interests, and the advice of their
counsel (for whose expense each shall be solely responsible), and that they have had a
reasonable period of time to consider this Stipulation.

18.     All of the Parties represent that they (i) have carefully read this
Stipulation and know the contents thereof, (ii) have had the option of consulting with
counsel of their choice regarding the meaning of the terms herein, and (iii) are executing
this Stipulation freely and voluntarily.  The Parties participated jointly in the drafting
and preparation of this Stipulation, and it shall not be construed more strictly against any
of the Parties.

**G.**     **Amendment**

19.     This Stipulation may be amended, and any provision of this
Stipulation may be waived; provided that any such amendment or waiver will be
binding upon the Parties only if such amendment or waiver is set forth in a writing
executed by all of the Parties hereto and, if necessary, approved by the Bankruptcy

Court.  No course of dealing between or among any persons having any interest in this

Stipulation shall be deemed effective to modify, amend, or discharge any part of this

Stipulation or any rights or obligations of any person under or by reason of this

Stipulation.  No waiver of any of the provisions of this Stipulation shall be deemed or

shall constitute a waiver of any other provisions, whether or not similar, nor shall any

waiver constitute a continuing waiver.

**H.**    **Governing Law and Forum Selection**

20.    This Stipulation shall be construed and enforced in accordance with

the provisions of the Bankruptcy Code and, where not inconsistent with the Bankruptcy

Code, the laws of the State of New York, without giving effect to any choice of law or

conflict of law rules or provisions that would cause the application of the laws of any

jurisdiction other than the State of New York.

21.    The Parties acknowledge and agree that the Bankruptcy Court shall

have exclusive jurisdiction to hear and determine any claims or disputes between the

Parties with respect to this Stipulation.

**I.**    **Miscellaneous**

22.    This Stipulation shall be binding upon and inure to the benefit of the

Parties, their respective heirs, executors, successors, administrators, and assigns.

23.    Nothing herein expressed or implied is intended or shall be

construed to confer upon or give to any person other than the Parties hereto and their

respective permitted successors and assigns any rights or remedies under or by reason of

this Stipulation.

24.    This Stipulation constitutes the entire agreement between the Parties

with respect to the subject matter of it and supersedes all prior agreements and

undertakings between the Parties relating to the subject matter hereof, and any

representations not set forth in this Stipulation are of no force and effect.  There are no other covenants, promises, agreements, conditions, or understandings, either oral or written, express or implied, between the Parties, except for this Stipulation with respect to its subject matter.  The terms of this Stipulation are contractual and not merely recitals.

25.   This Stipulation and any signed agreement or instrument entered into in connection with this Stipulation, and any amendments hereto and thereto, may be executed in separate identical counterparts, each of which shall constitute an original, and all of which shall constitute a single agreement.  Facsimile signatures, signatures in portable document format (.pdf), or other electronic means are deemed originals for purposes of this Stipulation.

Dated:   December 15, 2023

TOGUT, SEGAL & SEGAL LLP

By:

*/s/ Neil Berger*_____
ALBERT TOGUT
NEIL BERGER
JARED BORRIELLO
One Penn Plaza, Suite 3335
New York, New York 10119
Tel:  (212) 594-5000

*Attorneys for the Chapter 7 Trustee*

BOND, SCHOENECK & KING PLLC

By:

*/s/ Justin S. Krell*_____
SARA C. TEMES
JUSTIN S. KRELL
One Lincoln Center
110 West Fayette St.
Syracuse, NY 13202

*Attorneys for Colgate University*


**IT IS SO ORDERED**
this ____day of _____, 2023
in New York, New York


_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 2**

**BANA Stipulation**

## SETTLEMENT AGREEMENT AND RELEASE

### I.    PARTIES

This Settlement Agreement and Release ("Agreement") is entered into by and between Albert Togut, not individually but solely in his capacity as Chapter 7 Trustee of the Estate of Kossoff PLLC ("Plaintiff") and Bank of America, N.A. ("BANA"). Plaintiff and BANA may be referred to individually in this Agreement as the "Party" or collectively as "Parties."

### II.    RECITALS

A.    On March 30, 2023, Plaintiff filed two Complaints entitled *Albert Togut, Not Individually but Solely in His Capacity as Chapter 7 Trustee of the Estate of Kossoff PLLC v. Bank of America, N.A.* in the United States Bankruptcy Court, Southern District of New York, bearing Adversary Proceeding Nos. 23-01063-dsj and 23-01064-dsj, respectively (the "Complaints").

B.    On May 1, 2023, Plaintiff filed two Amended Complaints entitled *Albert Togut, Not Individually but Solely in His Capacity as Chapter 7 Trustee of the Estate of Kossoff PLLC v. Bank of America, N.A.* in the United States Bankruptcy Court, Southern District of New York, bearing Adversary Proceeding Nos. 23-01063-dsj and 23-01064-dsj, respectively (the "Amended Complaints," and collectively with the Complaints, the "Litigations").

C.    The Litigations allege that BANA violated 11 U.S.C. §§ 547(b), 548(a)(1)(B), 550(a) and 502(a-j) (the "Allegations") in connection with accounts ending in 1541 and 7510, respectively (the "Accounts").

D.    The Parties hereto wish to resolve all the disputes between them, asserted or unasserted, related to the Litigations, the Allegations, and the Accounts without any admission of any liability.

E.    As a result of settlement negotiations and to avoid the costs and risks of further litigation, the Parties have determined to resolve their disputes pursuant to the terms of, and subject to the conditions set forth in this Agreement and the *Stipulation and Order Settling Adversary Proceedings Against Bank of America, N.A.* to which this Agreement shall be attached as an Exhibit (the "Stipulation").

*Albert Togut, Not Individually but Solely in His Capacity as Chapter 7 Trustee of the Estate of Kossoff PLLC v. Bank of America, N.A.*
U.S. Bankruptcy Court, Southern District of New York
Adversary Proceeding Nos. 23-01063-dsj and 23-01064-dsj

Page 2 of 5

## III.    AGREEMENT

NOW, THEREFORE, in consideration of these promises and the mutual covenants set forth herein and for valuable and mutual consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows in order to avoid the costs and uncertainties of litigation:

1.    <u>Recitals.</u>  The foregoing recitals and the recitals set forth in the Stipulation are confirmed as true and correct and are incorporated herein by reference.  The recitals are a substantive and contractual part of this Agreement.

2.    <u>Incorporation of Stipulation.</u>  The terms of the Stipulation are incorporated into this Agreement by reference as if set forth fully herein.

3.    <u>Representations.</u>  Each Party represents and warrants that it has not sold, transferred, conveyed, assigned, or otherwise disposed of any right, title, or interest in any of the matters released herein to any person or entity, and that the Party is not aware of any other person or entity who may have or who has asserted or can assert a right, title, or interest in any of the matters released in this Addendum.  Each Party further affirms that it is fully capable of executing this Addendum and understands its contents and further, that the Party has legal counsel of the Party's own choice or had an opportunity to obtain such legal counsel to explain the legal effect of signing this Addendum.

4.    <u>Signing in Counterparts</u>.  This Agreement may be signed in Counterparts, each of which shall be deemed an original, but all of which together constitute one and the same Agreement.

5.    <u>Costs and Fees</u>.  Each Party agrees to bear the expense of its own costs and attorney's fees in connection with the Complaints.

6.    <u>Release of Unknown Claims</u>.  The Parties hereby acknowledge that either Party may hereafter discover facts different from, or in addition to, those which either Party now claims or believes to be true with respect to the claims released herein, and agree that this Addendum shall be and remain effective in all respects notwithstanding the discovery of such different or additional facts with respect to the claims released herein.  The Parties acknowledge that this release is intended to include in its scope all claims against the Released Parties arising from the Litigations which either Party does not know or suspect to exist in such Party's favor at the time of execution of this Addendum, and that this release contemplates the

*Albert Togut, Not Individually but Solely in His Capacity as Chapter 7 Trustee of the Estate of Kossoff PLLC v. Bank of America, N.A.*
U.S. Bankruptcy Court, Southern District of New York
Adversary Proceeding Nos. 23-01063-dsj and 23-01064-dsj

Page 3 of 5

extinguishment of any such claim or claims. The Parties expressly waive their rights to assert hereafter any claims which were excluded from this Addendum through ignorance, oversight, error or otherwise.

**[Remainder of page intentionally left blank]**

*Albert Togut, Not Individually but Solely in His Capacity as Chapter 7 Trustee of the Estate of Kossoff PLLC v. Bank of America, N.A.*
U.S. Bankruptcy Court, Southern District of New York
Adversary Proceeding Nos. 23-01063-dsj and 23-01064-dsj

Page 4 of 5

Date Executed: _1/31/24_

_____
Neil Berger, as Counsel for Albert Togut, Not
Individually but Solely in His Capacity as
Chapter 7 Trustee of the Estate of Kossoff
PLLC

State of ( _New York_ )

County of ( _New York_ )

On this, the _31st_ day of _January_, 2024, before me, personally **Albert Togut,
Not Individually but Solely in His Capacity as Chapter 7 Trustee of the Estate of Kossoff
PLLC**, known to me (or satisfactorily proven) to be the person whose name is subscribed to the
within instrument, and that s/he executed the same for the purposes therein contained. In witness
hereof, I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires: _____

CYNTHIA JULIANO
NOTARY PUBLIC, State of New York
No. 01JU4947981
QUALIFIED IN NASSAU COUNTY
Commission Expires 3/6/2027

[Remainder of page intentionally left blank]

_Albert Togut, Not Individually but Solely in His Capacity as Chapter 7 Trustee of the Estate
of Kossoff PLLC v. Bank of America, N.A._
U.S. Bankruptcy Court, Southern District of New York
Adversary Proceeding Nos. 23-01063-dsj and 23-01064-dsj

Page 5 of 5

**Bank of America, N.A.**

By: _____

Printed Name: _Stacey Ruiz_

Title: _AVP_

Date Executed: _1/31/2024_

*Albert Togut, Not Individually but Solely in His Capacity as Chapter 7 Trustee of the Estate of Kossoff PLLC v. Bank of America, N.A.*
U.S. Bankruptcy Court, Southern District of New York
Adversary Proceeding Nos. 23-01063-dsj and 23-01064-dsj

**EXHIBIT 3**

**145 Henry Stipulation**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger
Minta J. Nester

*Attorneys for the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------- x
                                              :
In re:                                        :  Chapter 7
                                              :
KOSSOFF PLLC,                                 :  Case No. 21-10699 (DSJ)
                                              :
                              Debtor.         :
                                              :
------------------------------------------------------------- x
ALBERT TOGUT, Not Individually but Solely in His :
Capacity as Chapter 7 Trustee of the Estate of   :
Kossoff PLLC,                                 :
                                              :  Adv. Pro. No. 23-01077 (DSJ)
                              Plaintiff,      :
                                              :
                v.                            :
                                              :
145 HENRY PARTNERS, LLC,                      :
                                              :
                              Defendant.      :
------------------------------------------------------------- x
```

## STIPULATION AND ORDER SETTLING ADVERSARY PROCEEDING AGAINST 145 HENRY PARTNERS, LLC

This stipulation (the "Stipulation") is made by and among Albert Togut, not individually but solely in his capacity as Chapter 7 trustee (the "Plaintiff" or "Trustee") of Kossoff PLLC, the above-captioned debtor (the "Debtor"), and 145 Henry Partners, LLC (the "Defendant"). The Plaintiff and Defendant shall be referred to herein individually as a "Party," and collectively, as the "Parties."

## RECITALS

**WHEREAS**, on April 13, 2021, creditors of the Debtor commenced the above captioned chapter 7 case (the "Chapter 7 Case") by filing an involuntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");  and

**WHEREAS**, on May 11, 2021, this Court entered an order for relief under Chapter 7 of the Bankruptcy Code [Docket No. 14];  and

**WHEREAS**, on May 12, 2021, Albert Togut was appointed as Chapter 7 Interim Trustee of the Debtor and its estate (the "Estate");  he duly qualified and is acting as Trustee of the Debtor;  and

**WHEREAS**, on June 15, 2021, the Bankruptcy Court entered an order authorizing the Trustee to retain Togut, Segal & Segal LLP as his bankruptcy counsel (the "Togut Firm") [Docket No. 72];  and

**WHEREAS**, on April 3, 2023, the Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") against Defendant;  and

**WHEREAS**, in the Adversary Proceeding, the Trustee asserts claims against Defendant in the aggregate amount of two-hundred fifty thousand dollars ($250,000) (the "Complaint Amount") for avoidance and recovery of alleged preferential and fraudulent transfers pursuant to sections 544, 547, 548, and 550 of the Bankruptcy Code, as more fully set forth in the *Complaint* [Adv. Pro. Docket No. 1] (the "Complaint") filed in the Adversary Proceeding (collectively, the "Claims");  and

**WHEREAS**, Defendant denies the Claims and has asserted that it has defenses in connection with all of the allegations in the Complaint that pertain to it; and

**WHEREAS**, as a result of settlement negotiations and to avoid the costs and risks of further litigation, the Parties have determined to resolve their disputes pursuant to the terms of, and subject to the conditions set forth in, this Stipulation.

<u>SETTLEMENT</u>

**NOW, THEREFORE**, **IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, intending to be legally bound, as follows:

1.     The recitals set forth above are incorporated herein by reference.

2.     Defendant shall deliver to Togut, Segal & Segal LLP, counsel to the Trustee, at the address below, an executed copy of this Stipulation, together with an executed copy of the consent judgment for the Settlement Amount (as defined below) plus costs and interest in the form attached hereto as **Exhibit A** (the "<u>Consent Judgment</u>").

3.     Within thirty (30) days following his receipt of a signed copy of the Stipulation and the Consent Judgment, the Trustee will file an application (the "<u>Application</u>") requesting that the Bankruptcy Court enter an order approving this Stipulation (the "<u>Approval Order</u>").  The Stipulation shall be binding on the Parties upon execution, and each of the Parties shall support entry of the Approval Order.  If not approved by the Bankruptcy Court, this Stipulation shall be null and void, with no force or effect, the Parties will be returned to the *status quo ante* as if the Stipulation had never been entered, and any amounts paid on account of the Settlement Amount (defined below) by Defendant to the Trustee shall be returned to Defendant within ten

3

(10) business days after the Bankruptcy Court declines to approve this Stipulation. The terms and conditions of this Stipulation shall not be stayed pursuant to Rule 6004 of the Federal Rules of Bankruptcy Procedure.

4.      All noticed depositions and all deadlines, including any discovery deadline, regarding the Plaintiff's claims against Defendant and Defendant's rights and defenses in respect of the same are suspended indefinitely pending the Bankruptcy Court's approval of the Application.

5.      If the Bankruptcy Court does not approve the Application, the Trustee and Defendant shall meet and confer in good faith and negotiate a new schedule with respect to the Claims.

6.      Defendant shall pay a total of one hundred eighty-seven thousand five hundred dollars ($187,500) (the "Settlement Amount") to the Trustee as consideration for and in full and final settlement of any and all claims asserted against Defendant by the Trustee and the Estate in the Adversary Proceeding. The Settlement Amount shall be wired, or delivered by Official Bank, Certified or Cashier's check, at the sole option of Defendant, to an account maintained by the Trustee using written instructions to be provided by the Togut Firm, in accordance with paragraph 7.

7.      The Settlement Amount shall be paid by Defendant in installments (collectively, the "Installment Payments"): Defendant shall pay an initial Installment Payment of sixty-two thousand five hundred dollars ($62,500) to the Trustee no later than thirty (30) days after the later of the date that (a) the Stipulation is signed by all of the Parties and (b) Defendant receives a fully executed W-9 for the Estate and instructions for payment by wire and by delivery of Official Bank, Certified or Cashier's Check (the "Initial Payment Date") followed by two additional Installment Payments

with each in the amount of sixty-two thousand five hundred dollars ($62,500) no later than thirty (30) days and sixty (60) days after the Initial Payment Date, respectively. Nothing in this paragraph shall be construed as prohibiting Defendant from paying the Settlement Amount in fewer than three installments prior to sixty (60) days after the Initial Payment Date, in which case, such payments as made shall be deemed Installment Payments.

8.      Within fourteen (14) days after the Approval Order becomes a final non-appealable order (the "Effective Date") and Defendant has paid the Settlement Amount in full, the Trustee shall file a notice of dismissal of the Adversary Proceeding against Defendant with prejudice, and the Settlement Amount will irrevocably become property of the Estate.

9.      Once the Settlement Amount is paid in full and has been successfully deposited, counsel for the Trustee shall promptly return the original executed Consent Judgment to Defendant's undersigned counsel.

10.      In the event that Defendant fails to timely pay the Settlement Amount or any Installment Payment, counsel for the Trustee will send a written default notice by electronic and first-class mail to each of Defendant's undersigned counsel. If Defendant fails to cure such default within seven (7) business days after the notice is sent to Defendant's undersigned counsel by electronic mail, the Trustee may elect to either (i) nullify and void this Stipulation and continue to pursue the Claims, or (ii) seek entry of the Consent Judgment with a declaration stating that Defendant has failed to timely cure the payment default and requesting that the Consent Judgment be entered against Defendant in the Adversary Proceeding in the full Complaint Amount plus costs and interests less any payments made toward the Settlement Amount. The default

notice, if any, shall be deemed given at the time it is sent by electronic mail to each of

Defendant's undersigned counsel.

11.    The Parties shall undertake any actions as may be reasonably

necessary to cause the Adversary Proceeding to be dismissed with prejudice as to

Defendant, with each of the Parties bearing its own costs and expenses.  However, if

any proceeding is brought to enforce or interpret any provision of this Stipulation, or

the rights or obligations of any party hereunder, including without limitation, reliance

on this Stipulation as an affirmative defense to any formal or informal claim, action or

proceeding of any kind or nature, the prevailing party shall recover, as an element of

such party's costs of suit, and not only as damages, all reasonable costs and expenses

incurred or sustained by such prevailing party in connection therewith.

12.    As of the Effective Date, the Trustee, on behalf of himself as

Trustee, the Debtor, the Estate, and any and all claimants whose claims are derivative of

any of the Trustee's and/or Debtor's claims in the Chapter 7 Case and the Adversary

Proceeding, and any and all of their respective successors and assigns, as well as any of

their attorneys, retained professionals, shareholders, and agents, hereby releases,

waives, acquits, and forever discharges Defendant and each of its respective past,

present and future agents, servants, employees, independent contractors, assigns, heirs,

principals, representatives, attorneys, and retained professionals from any and all

claims, damages, judgments, actions, suits, causes of action, rights, liens, obligations,

attorneys' fees, and/or any other form of liabilities or demands of any kind and nature

arising, directly or indirectly or derivatively, from or relating to the Claims, the subject

matter of the Adversary Proceeding, the Estate, and/or the Chapter 7 Case, whether in

law or equity, whether known or unknown, that have accrued from the beginning of

6

time through and including the Effective Date;  provided, however, that the foregoing release in this paragraph 12 shall not apply to and shall not be deemed to release or discharge (a) any obligations of Defendant arising under and pursuant to this Stipulation, or (b) any claims relating to any breach of the obligations arising under and pursuant to this Stipulation.

13.     As of the Effective Date, Defendant hereby: (a) releases, waives, acquits, and forever discharges the Trustee, the Debtor, the Estate, and any and all of their respective successors and assigns, as well as their past, present and future representatives, attorneys, retained professionals, shareholders, insurers, re-insurers, and excess insurers, of and from any and all claims, damages, judgments, actions, suits, causes of action, rights, liens, obligations, attorneys' fees, and/or any other form of liabilities or demands of any kind and nature arising, directly or indirectly, from or relating to the Debtor, the Estate, the Chapter 7 Case, and/or the subject matter of the Adversary Proceeding, whether in law or equity, whether known or unknown, that have accrued from the beginning of time through and including the Effective Date; provided, however, that the foregoing release in this paragraph 13 shall not apply to and shall not be deemed to release or discharge (i) any obligations of the Trustee arising under and pursuant to this Stipulation, on behalf of himself as Trustee, the Debtor, the Estate, (ii) any claims relating to any breach of the obligations arising under and pursuant to this Stipulation, and (iii) any claim Defendant asserts on the basis of this Stipulation pursuant to section 502(h) of the Bankruptcy Code.  To be timely, any claim filed by Defendant pursuant to 502(h) of the Bankruptcy Code must be filed not later than thirty days after Defendant's payment of the Settlement Amount in full.

14.     This Stipulation is made in compromise of disputed claims and solely to avoid the expense and inconvenience of litigation and is not, nor shall it be, construed as a finding or admission of liability, fault, wrongdoing, obligation, or illegal, immoral, or unethical conduct on the part of any of the Parties.

15.     Each person signing this Stipulation represents and warrants that they are authorized to execute and deliver this Stipulation on behalf of such Party, to bind their respective client or clients to the terms and conditions of this Stipulation and to act with respect to the rights and claims that are being altered or otherwise affected by this Stipulation.  Notwithstanding anything to the contrary herein, nothing contained in this Stipulation shall constitute a waiver of the Trustee's fiduciary duties to the Debtor and the Estate in this or any other case, or his right to take such steps that he, in his sole discretion, determines to be necessary or appropriate to preserve and protect such duties, nor a waiver of Defendant's rights and remedies if the Trustee seeks to act in violation of the terms set forth in this Stipulation.

16.     The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation, and they have not, except as noted herein, relied upon any representations, written or oral, express or implied, of any other party or person in verifying and satisfying themselves as to such facts and/or condition of facts.  Rather, the Parties to this Stipulation relied upon their own judgment, beliefs and interest and, if applicable, the advice of their own counsel.  The Parties acknowledge that they had a reasonable period of time to consider this Stipulation.

17.     All of the Parties represent that they (i) have carefully read this Stipulation and know the contents thereof, (ii) have had the option of consulting with

8

counsel of their choice regarding the meaning of the terms herein, and (iii) are executing this Stipulation freely and voluntarily.  The Parties participated jointly in the drafting and preparation of this Stipulation, and it shall not be construed more strictly against any of the Parties.

18.     This Stipulation may be amended, and any provision of this Stipulation may be waived; provided that any such amendment or waiver will be binding upon the Parties only if such amendment or waiver is set forth in a writing executed by all of the Parties hereto and, if necessary, approved by the Bankruptcy Court.  No course of dealing between or among any persons having any interest in this Stipulation shall be deemed effective to modify, amend, or discharge any part of this Stipulation or any rights or obligations of any person under or by reason of this Stipulation.  No waiver of any of the provisions of this Stipulation shall be deemed or shall constitute a waiver of any other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver.

19.     This Stipulation shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent with the Bankruptcy Code, the laws of the State of New York, without giving effect to any choice of law or conflict of law rules or provisions that would cause the application of the laws of any jurisdiction other than the State of New York.

20.     The Parties acknowledge and agree that the Bankruptcy Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties with respect to this Stipulation.

21.     This Stipulation shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators, and assigns.

22.     Nothing herein expressed or implied is intended or shall be construed to confer upon or give to any person other than the Parties hereto and their respective permitted successors and assigns any rights or remedies under or by reason of this Stipulation.

23.     This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter of it and supersedes all prior agreements and understandings, written or oral, if any, between the Parties relating to the subject matter hereof, and any representations not set forth in this Stipulation are of no force and effect.  There are no other covenants, promises, agreements, conditions, or understandings, either oral or written, express or implied, between the Parties, except for this Stipulation with respect to its subject matter.  The terms of this Stipulation are contractual and not merely recitals.

24.     This Stipulation may be executed in duplicate original counterparts, each of which shall constitute an original and all of which shall constitute a single memorandum.  Execution by a party of a signature page hereto shall constitute due execution and shall create a valid, binding obligation of the party so signing, and it shall not be necessary or required that the signatures of all parties appear on a single signature page hereto.  It shall not be necessary, in making proof of the Stipulation, to produce or account for more than one (1) counterpart.

25.     A facsimile, electronic, and/or PDF signature on this Stipulation shall be deemed to be an original signature for all purposes.  In the event that a suit or proceeding is brought to enforce the terms of this Stipulation, the plaintiff or movant shall not be required to produce or introduce into evidence a copy of this Stipulation

bearing original signatures of the Parties, other than facsimile, electronic, and / or PDF signatures.

　　　　　　26.　　The Parties hereto shall execute and deliver such other and further documents and perform such other and further acts as may be reasonable, necessary and / or customary in order to consummate the transactions contemplated by this Stipulation.

Dated: March 21, 2024

TOGUT, SEGAL & SEGAL LLP　　　　　RUBIN LLC

By:  */s/Neil Berger*　　　　　　　　　By: */s/Paul Rubin*
　　NEIL BERGER　　　　　　　　　　PAUL A. RUBIN
　　MINTA J. NESTER　　　　　　　　HANH V. HUYNH

One Penn Plaza, Suite 3335
New York, New York 10119　　　　　　11 Broadway, Suite 715
neilberger@teamtogut.com　　　　　　New York, New York 10004
mnester@teamtogut.com　　　　　　　prubin@rubinlawllc.com
　　　　　　　　　　　　　　　　　hhuynh@rubinlawllc.com

*Attorneys for Albert Togut,*
*Not Individually but Solely in*
*His Capacity as Chapter 7 Trustee*　　*Attorneys for Defendant*


**IT IS SO ORDERED**

this ___ day of _____, 2024
in New York, New York

_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## Consent Judgment

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------ x
                                                    :
In re:                                              :   Chapter 7
                                                    :
KOSSOFF PLLC,                                       :   Case No. 21-10699 (DSJ)
                                                    :
                        Debtor.                     :
                                                    :
------------------------------------------------------------------ x
ALBERT TOGUT, Not Individually but Solely in        :
His Capacity as Chapter 7 Trustee of the Estate of  :
Kossoff PLLC,                                       :
                                                    :   Adv. Pro. No. 23-01077 (DSJ)
                        Plaintiff,                   :
                                                    :
             v.                                     :
                                                    :
145 HENRY PARTNERS, LLC,                             :
                                                    :
                        Defendant.                   :
------------------------------------------------------------------ x
```

<u>**CONSENT JUDGMENT**</u>

IT IS HEREBY CONSENTED TO AND AGREED that pursuant to the settlement agreement (the "<u>Stipulation</u>") Albert Togut, not individually but solely in his capacity as Chapter 7 trustee (the "<u>Plaintiff</u>" or <u>Trustee</u>") of Kossoff PLLC, the above-captioned debtor (the "<u>Debtor</u>"), and 145 Henry Partners, LLC,  (the "<u>Defendant</u>" and, together with the Trustee, the "<u>Parties</u>"), which Stipulation has been agreed to and executed by the Parties, and pursuant to which, among other things, Defendant acknowledged the Trustee's claims against Defendant in the aggregate amount of two-hundred fifty thousand dollars ($250,000) (the "<u>Complaint Amount</u>"), with respect to which Defendant has agreed to pay one hundred eighty-seven thousand five hundred dollars ($187,500) (the "<u>Settlement Amount</u>") in consideration for the release thereof, which Settlement Amount is payable by Defendant to the Trustee in three installment

payments (the "Installment Payments"):  an initial Installment Payment of sixty-two

thousand five hundred dollars ($62,500) to the Trustee to be made not later than thirty

(30) days after the later of the date that (a) the Stipulation is signed by all of the Parties

and (b) Defendant receives a fully executed W-9 for the Chapter 7 Estate of Kossoff

PLLC and instructions for payment by wire and by delivery of Official Bank, Certified

or Cashier's Check (the "Initial Payment Date") followed by two Installment Payments

with each in the amount of sixty-two thousand five hundred dollars ($62,500) to be

made no later than thirty (30) days and sixty (60) days after the Initial Payment Date,

respectively;  and the Stipulation setting forth terms governing notice and cure periods

(the "Notice and Cure Periods") in the event that Defendant failed to timely pay the

Settlement Amount or any Installment Payment, the lapse of which entitles the Trustee

to recover the Complaint Amount plus costs and interests less any payments made

toward the Settlement Amount, and, as evidenced by the annexed declaration by

counsel to the Trustee, and following the lapse of the Notice and Cure Periods, there

remains due and payable to the Trustee the amount equal to the Complaint Amount

plus costs and interest less any amounts paid by Defendant toward the Settlement

Amount pursuant to the Stipulation;  it is hereby

**ORDERED, ADJUDGED AND DECREED** that the Trustee shall have judgment

against Defendant in the amount equal to the Complaint Amount plus costs and

interest less any amounts paid by Defendant toward the Settlement Amount.  Collection

efforts may proceed immediately following entry of this Consent Judgment.


[*Concluded on Following Page*]

2

DATED:  New York, New York
        March 21, 2024

                                ALBERT TOGUT, not individually but
                                solely in his capacity as Chapter 7 Trustee,
                                By his Attorneys,
                                TOGUT, SEGAL & SEGAL LLP
                                By:


                                /s/Neil Berger
                                NEIL BERGER, ESQ.
                                MINTA J. NESTER, ESQ.
                                One Penn Plaza, Suite 3335
                                New York, New York 10119
                                (212) 594-5000


DATED:  New York, New York
        March 21, 2024


                                145 HENRY PARTNERS, LLC
                                By its Attorneys,
                                RUBIN LLC
                                By:


                                /s/Paul Rubin
                                PAUL A. RUBIN, ESQ.
                                HANH V. HUYNH, ESQ.
                                11 Broadway, Suite 715
                                New York, New York 10004
                                (212) 390-8054


                            **IT IS SO ORDERED**

                    this __ day of _____, _____
                       in New York, New York


            _____
                 HONORABLE DAVID S. JONES
                 UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 4**

**Haverford Stipulation**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger
Jared C. Borriello

*Attorneys for the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                :

In re:                                 :       Chapter 7

KOSSOFF PLLC,                  :       Case No. 21-10699 (DSJ)
                                  :

               Debtor.       :
------------------------------------------------------- X
                                  :

ALBERT TOGUT, Not Individually but Solely   :
in His Capacity as Chapter 7 Trustee of the    :
Estate of Kossoff PLLC,             :

                                  :       Adv. Pro. No. 23-01105 (DSJ)

              Plaintiff,     :
                                  :

            v.                :
                                  :

HAVERFORD COLLEGE,           :
                                  :

             Defendant.    :
------------------------------------------------------- X

## STIPULATION AND ORDER SETTLING
## ADVERSARY PROCEEDING AGAINST HAVERFORD COLLEGE

       This stipulation and order (the "Stipulation") is made by and between

Albert Togut, not individually but solely in his capacity as Chapter 7 trustee (the

"Plaintiff" or "Trustee") of the above-captioned debtor (the "Debtor"), and Haverford

College, the defendant in the above-captioned adversary proceeding ("Haverford," and

together with the Trustee, the "Parties"):

## RECITALS

**WHEREAS**, on April 13, 2021 (the "Petition Date"), creditors of the Debtor commenced the above-captioned chapter 7 case by filing an involuntary petition for relief under Chapter 7 (the "Chapter 7 Case") of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court" or the "Court"); and

**WHEREAS**, on May 11, 2021, the Court entered an order for relief under Chapter 7 of the Bankruptcy Code [Docket No. 14]; and

**WHEREAS**, on May 12, 2021, Albert Togut was appointed as Chapter 7 Interim Trustee of the Debtor and its estate (the "Estate"); he duly qualified and is acting as Trustee of the Debtor; and

**WHEREAS**, on June 15, 2021, the Bankruptcy Court entered an order authorizing the Trustee to retain Togut, Segal & Segal LLP as his bankruptcy counsel (the "Togut Firm") [Docket No. 72]; and

**WHEREAS**, on May 2, 2023, Plaintiff commenced the above-captioned adversary proceeding (the "Adversary Proceeding") in the Bankruptcy Court by filing the *Complaint* [Adv. Pro. Dkt. No. 1] (the "Complaint"); and

**WHEREAS**, on June 2, 2023, Haverford filed an Answer to the Complaint [Adv. Pro. Dkt. No. 4]; and

**WHEREAS**, Haverford denies the claims asserted against it in the Adversary Proceeding (the "Haverford Claims") and asserts that it has no liability in connection with any of the allegations in the Complaint; and

2

**WHEREAS**, as a result of settlement negotiations, and to avoid the costs and risks of further litigation, the Parties have determined to resolve their disputes pursuant to the terms of, and subject to the conditions set forth in, this Stipulation.

<u>SETTLEMENT</u>

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the Parties, intending to be legally bound, as follows:

1.    The recitals set forth above are incorporated herein by reference.

A.    <u>**The Approval Order**</u>

2.    Promptly following his receipt of a signed copy of the Stipulation, the Trustee will file an application (the "<u>Application</u>") requesting that the Bankruptcy Court enter an order approving this Stipulation (the "<u>Approval Order</u>").  The Stipulation shall be binding on the Parties upon execution, and each of the Parties shall support entry of the Approval Order.  If not approved by the Court, this Stipulation shall be null and void, with no force or effect, and the Parties will be returned to the *status quo ante* as if the Stipulation had never been entered.  The terms and conditions of this Stipulation shall not be stayed pursuant to Rule 6004 of the Federal Rules of Bankruptcy Procedure.

3.    The deadlines, including any discovery deadline, regarding the Haverford Claims and Haverford's rights and defenses in respect of the same are suspended indefinitely pending the Bankruptcy Court's consideration of the Application.

4.    If the Bankruptcy Court does not approve the Application, the Trustee and Haverford shall meet and confer in good faith, and negotiate a new schedule with respect to the Haverford Claims.

5.    The date on which the Approval Order becomes final and not subject to any stay shall be the "Effective Date."

3

B.    **Settlement of Claims and Payment of Settlement Amount**

6.    Haverford shall pay a total of Seventy Five Thousand Dollars ($75,000) (the "Settlement Amount") to the Trustee as consideration for and in full and final settlement of any and all of the Haverford Claims asserted against Haverford by the Trustee and the Estate.  The Settlement Amount shall be delivered by Haverford's check made payable to the Trustee and delivered to the Togut Firm in accordance with paragraph 7 below.

7.    The Settlement Amount ($75,000) shall be paid by Haverford to the Trustee no later than thirty (30) days after the later of the date (the "Payment Date") that (a) is the Effective Date and (b) Haverford receives a copy of the Approval Order and a W-9 for the Debtor's estate.

8.    In the event that Haverford fails to timely pay the Settlement Amount in accordance with paragraph 7, counsel for the Trustee will send a written default notice by electronic and first-class mail to Haverford's undersigned counsel.

9.    If Haverford fails to cure such default within ten (10) business days after the notice is sent to Haverford's counsel, the Trustee may then seek entry of a default judgment against Haverford for the full amount sought in the Complaint, subject to any defenses or objections Haverford may have to entry of default judgment against it.

C.    **Dismissal of Complaint as Against Haverford and Satisfaction of Judgment**

10.    After the Payment Date, the Parties shall undertake any actions as may be reasonably necessary to cause the Adversary Proceeding to be dismissed with prejudice as to Haverford, with each of the Parties bearing his own costs and expenses.

4

D. **Releases**

11.     As of the Payment Date, the Trustee, on behalf of himself as Trustee, the Debtor, the Estate, and any and all of their respective successors and assigns, as well as any of their attorneys, retained professionals, shareholders, and agents, hereby releases, waives, acquits, and forever discharges Haverford and any and all of its respective successors and assigns, of and from any and all claims, damages, judgments, actions, suits, causes of action, rights, liens, obligations, attorneys' fees, and/or any other form of liabilities or demands of any kind and nature arising, directly or indirectly or derivatively, from or relating to the Haverford Claims, the Adversary Proceeding, the Estate, and/or the Chapter 7 Case, whether in law or equity, whether known or unknown, that have accrued from the beginning of time through and including the Payment Date; provided, however, that the foregoing release in this paragraph 11 shall not apply to and shall not be deemed to release or discharge (a) any obligations of Haverford arising under and pursuant to this Stipulation, or (b) any claims relating to any breach of the obligations arising under and pursuant to this Stipulation.

12.     As of the Effective Date, Haverford hereby releases, waives, acquits, and forever discharges the Trustee, the Debtor, the Estate, and any and all of their respective successors and assigns, as well as their past, present and future representatives, attorneys, retained professionals, shareholders, insurers, re-insurers, and excess insurers, of and from any and all claims, damages, judgments, actions, suits, causes of action, rights, liens, obligations, attorneys' fees, and/or any other form of liabilities or demands of any kind and nature arising, directly or indirectly, from or relating to the Debtor, the Estate, the Chapter 7 Case, and/or the Adversary Proceeding, whether in law or equity, whether known or unknown, that have accrued from the

5

beginning of time through and including the Effective Date; provided, however, that the foregoing release in this paragraph 12 shall not apply to and shall not be deemed to release or discharge (i) any obligations of the Trustee, on behalf of himself as Trustee, the Debtor, or the Estate arising under and pursuant to this Stipulation, or (ii) any claims relating to any breach of the obligations of the Trustee, on behalf of himself as Trustee, the Debtor, or the Estate arising under and pursuant to this Stipulation.

**E.     No Admission of Liability**

13.     This Stipulation is made in compromise of disputed claims and solely to avoid the expense and inconvenience of litigation and is not, nor shall it be, construed as a finding or admission of liability, fault, wrongdoing, obligation, or illegal, immoral, or unethical conduct on the part of any of the Parties.

**F.     Representations**

14.     **Rule 408 Communication.**  No statement made or action taken in connection with the negotiation of this Stipulation shall be offered or received in evidence or in any way referred to in any legal action among or between the Parties, other than as may be necessary to obtain approval of and enforce this Stipulation or any dispute hereunder. All of the paper and digital documents that were exchanged by the Parties during their negotiations concerning the Adversary Proceeding (the "Settlement Materials") are subject to Federal Rule of Evidence 408.

15.     Each person signing this Stipulation represents and warrants that they are authorized to execute and deliver this Stipulation on behalf of such Party, to bind their respective client or clients to the terms and conditions of this Stipulation and to act with respect to the rights and claims that are being altered or otherwise affected by this Stipulation. Notwithstanding anything to the contrary herein and only until the time

6

that the Approval Order becomes final and non-appealable, nothing contained in this

Stipulation shall constitute a waiver of the Trustee's fiduciary duties to the Debtor and

the Estate in this or any other case, or his right, subject to the Trustee filing a motion

upon notice to Defendant and obtaining entry of an Order by the Bankruptcy Court

approving such action or step, to take such steps that he determines to be necessary or

appropriate to preserve and protect such duties, nor a waiver of Defendant's rights and

remedies if the Trustee seeks to act in violation of the terms set forth in this Stipulation.

The Trustee shall bear the burden of proof in connection with any motion filed pursuant

to the preceding sentence.

16.     The Parties represent and acknowledge that, in executing this

Stipulation, they do not rely, and have not relied, upon any representation or statement

made by or on behalf of any Party, with regard to the subject matter, basis, or effect of

this Stipulation or otherwise, other than as specifically stated in this Stipulation.

Accordingly, this Stipulation constitutes the entire agreement among the Parties and

supersedes all prior agreements and understandings, written or oral, if any, pertaining to

the subject matter hereof, and any representations not set forth in this Stipulation are of

no force and effect.

17.     The Parties each further declare that, in making this Stipulation, they

rely entirely upon their own judgment, beliefs and interests, and the advice of their

counsel (for whose expense each shall be solely responsible), and that they have had a

reasonable period of time to consider this Stipulation.

18.     All of the Parties represent that they (i) have carefully read this

Stipulation and know the contents thereof, (ii) have had the option of consulting with

counsel of their choice regarding the meaning of the terms herein, and (iii) are executing

this Stipulation freely and voluntarily. The Parties participated jointly in the drafting and preparation of this Stipulation, and it shall not be construed more strictly against any of the Parties.

**G.    Amendment**

19.    This Stipulation may be amended, and any provision of this Stipulation may be waived;  provided that any such amendment or waiver will be binding upon the Parties only if such amendment or waiver is set forth in a writing executed by all of the Parties hereto and, if necessary, approved by the Bankruptcy Court. No course of dealing between or among any persons having any interest in this Stipulation shall be deemed effective to modify, amend, or discharge any part of this Stipulation or any rights or obligations of any person under or by reason of this Stipulation. No waiver of any of the provisions of this Stipulation shall be deemed or shall constitute a waiver of any other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver.

**H.    Governing Law and Forum Selection**

20.    This Stipulation shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent with the Bankruptcy Code, the laws of the State of New York, without giving effect to any choice of law or conflict of law rules or provisions that would cause the application of the laws of any jurisdiction other than the State of New York.

21.    The Parties acknowledge and agree that the Bankruptcy Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties with respect to this Stipulation.

I.   <u>Miscellaneous</u>

22.   This Stipulation shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators, and assigns.

23.   Nothing herein expressed or implied is intended or shall be construed to confer upon or give to any person other than the Parties hereto and their respective permitted successors and assigns any rights or remedies under or by reason of this Stipulation.

24.   This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter of it and supersedes all prior agreements and undertakings between the Parties relating to the subject matter hereof.  There are no other covenants, promises, agreements, conditions, or understandings, either oral or written, express or implied, between the Parties, except for this Stipulation with respect to its subject matter.  The terms of this Stipulation are contractual and not merely recitals.

[Concluded on Following Page]

25.     This Stipulation and any signed agreement or instrument entered in

connection with this Stipulation, and any amendments hereto and thereto, may be

executed in separate identical counterparts, each of which shall constitute an original,

and all of which shall constitute a single agreement.

Dated:   December 20, 2023

TOGUT, SEGAL & SEGAL LLP
By:

ALBERT TOGUT
NEIL BERGER
JARED BORRIELLO
One Penn Plaza, Suite 3335
New York, New York 10119
Tel:  (212) 594-5000

*Attorneys for the Chapter 7 Trustee*

BALLARD SPAHR LLP
By:

MATTHEW G. SUMMERS
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 252-4428

*Attorneys for Haverford College*

**IT IS SO ORDERED**
this ___day of _____, 2024
in New York, New York

HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

10

# EXHIBIT 5

## SSM Stipulation

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger
Brian F. Shaughnessy

*Attorneys for the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------- x
                                                    :
----------                                          :
                                                    :   Chapter 7
                                                    :
In re:                                              :
                                                    :   Case No. 21-10699 (DSJ)
                                                    :
KOSSOFF PLLC,                                       :
                                                    :
                                                    :
            Debtor.                                 :
                                                    x
-------------------------------------------------- 
----------
                                                    
ALBERT TOGUT, Not Individually but Solely in His    :
Capacity as Chapter 7 Trustee of the Estate of Kossoff:
PLLC,                                               :
                                                    :   Adv. Pro. No. 24-01004 (DSJ)
            Plaintiff,                              :
                                                    :
                                                    :
            v.                                      :
                                                    :
SSM REALTY GROUP, LLC and SSM REALTY                :
GROUP II, LLC,                                      :
                                                    :
                                                    :
            Defendants.                             :
-------------------------------------------------- x
----------

### STIPULATION AND ORDER SETTLING
### ADVERSARY PROCEEDING AGAINST SSM
### REALTY GROUP, LLC AND SSM REALTY GROUP II, LLC

This stipulation (the "Stipulation") is made by and among Albert Togut, not individually but solely in his capacity as Chapter 7 trustee (the "Plaintiff" or Trustee") of Kossoff PLLC, the above-captioned debtor (the "Debtor"), and SSM Realty Group, LLC and SSM Realty Group II, LLC (the "Defendants"). The Plaintiff and Defendants shall be referred to herein individually as a "Party," and collectively, as the "Parties."

## RECITALS

WHEREAS, on April 13, 2021, creditors of the Debtor commenced the above captioned chapter 7 case (the "Chapter 7 Case") by filing an involuntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");  and

WHEREAS, on May 11, 2021, this Court entered an order for relief under Chapter 7 of the Bankruptcy Code [Docket No. 14];  and

WHEREAS, on May 12, 2021, Albert Togut was appointed as Chapter 7 Interim Trustee of the Debtor and its estate (the "Estate");  he duly qualified and is acting as Trustee of the Debtor;  and

WHEREAS, on June 15, 2021, the Bankruptcy Court entered an order authorizing the Trustee to retain Togut, Segal & Segal LLP as his bankruptcy counsel (the "Togut Firm") [Docket No. 72];  and

2

WHEREAS, on January 26, 2022, SSM Realty Group II LLC filed Proof of Claim No. 29 (the "Proof of Claim") in the Chapter 7 Case in the amount of $1,565,041.78; and

WHEREAS, on January 11, 2024, the Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") against Defendants; and

WHEREAS, in the Adversary Proceeding, the Trustee asserts claims against Defendants for avoidance and recovery of alleged preferential and fraudulent transfers pursuant to sections 544, 547, 548, and 550 of the Bankruptcy Code, as more fully set forth in the *Complaint* [Adv. Pro. Docket No. 1] (the "Complaint") filed in the Adversary Proceeding (collectively, the "Claims"); and

WHEREAS, Defendants deny the Claims and have asserted that they have defenses in connection with all of the allegations in the Complaint that pertain to them; and

WHEREAS, as a result of settlement negotiations and to avoid the costs and risks of further litigation, the Parties have determined to resolve their disputes pursuant to the terms of, and subject to the conditions set forth in, this Stipulation.

## SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, intending to be legally bound, as follows:

3

1.      The recitals set forth above are incorporated herein by reference.

2.      Defendant shall deliver to Togut, Segal & Segal LLP, counsel to the

Trustee, at the address below, an executed copy of this Stipulation, together with an

executed copy of the stipulation of claim assignment in the form attached hereto as

Exhibit A (the "Stipulation of Assignment," and collectively with this Stipulation, the

"Stipulations").

3.      Following his receipt of signed copies of the Stipulations and at a

time deemed by him to be prudent and in the best interests of the Estate, the Trustee

will file an application (the "Application") requesting that the Bankruptcy Court enter an

order approving this Stipulation (the "Approval Order"). The Stipulation shall be binding

on the Parties upon execution, and each of the Parties shall support entry of the

Approval Order. If this Stipulation is not approved by the Bankruptcy Court, the

Stipulation shall be null and void, with no force or effect, the Parties will be returned to

the *status quo ante* as if the Stipulations had never been entered, and the Settlement

Amount (defined below) if paid by Defendants to the Trustee, shall promptly be

returned to Defendants. The terms and conditions of this Stipulation shall not be stayed

pursuant to Rule 6004 of the Federal Rules of Bankruptcy Procedure.

4.      All noticed depositions and all deadlines, including any discovery

deadline, regarding the Plaintiff's claims against Defendants and Defendants' rights and

4

defenses in respect of the same are suspended indefinitely pending the Bankruptcy
Court's approval of the Application.

5.      If the Bankruptcy Court does not approve the Application, the
Trustee and Defendants shall meet and confer in good faith and negotiate a new
schedule with respect to the Claims.

6.      Defendants shall pay a total of Five Hundred Five Thousand Dollars
($505,000) (the "Settlement Amount") to the Trustee as consideration for and in full and
final settlement of the claims asserted against Defendants by the Trustee and the Estate
in the Adversary Proceeding.  The Settlement Amount shall be wired, or delivered by
Official Bank, Certified or Cashier's check, at the sole option of Defendants, to an
account maintained by the Trustee using written instructions to be provided by the
Togut Firm, in accordance with paragraph 7 below.

7.      The Settlement Amount shall be paid by Defendants to the Trustee
no later than fifteen (15) business days after the later of (a) the Approval Order
becoming final and non-appealable (the "Effective Date") and (b) of the date that
Defendants receive a fully executed W-9 for the Estate and instructions for payment by
wire and by delivery of Official Bank, Certified or Cashier's Check.

8.      Subject only to the Trustee's receipt of the Settlement Amount, the
Proof of Claim shall be deemed amended to assert a claim pursuant to Bankruptcy Code
section 502(h) for a total claim amount of $2,070,041.78.

5

9.     Promptly after the Trustee's receipt of the Settlement Amount, the

Trustee shall file a notice of dismissal of the Adversary Proceeding with prejudice, and

the Settlement Amount will irrevocably become property of the Estate.

10.     In the event that Defendants fail to timely pay the Settlement

Amount, counsel for the Trustee will send a written default notice by electronic and first-

class mail to Defendants' undersigned counsel.  If Defendants fail to cure such default

within seven (7) business days after the notice is sent to Defendants' undersigned

counsel by electronic mail, the Trustee may elect to either (i) nullify and void the

Stipulations and continue to pursue the Claims, or (ii) seek entry of a judgment from the

Bankruptcy Court with a declaration stating that Defendants have failed to timely cure

the payment default and requesting that a judgment be entered against Defendants in

the Adversary Proceeding in the full Settlement Amount, plus costs and interest.  The

default notice, if any, shall be deemed given at the time it is sent by electronic mail to

Defendants' undersigned counsel.

11.     The Parties shall undertake any actions as may be reasonably

necessary to cause the Adversary Proceeding to be dismissed with prejudice, with each

of the Parties bearing its own costs and expenses.  However, if any proceeding is

brought to enforce or interpret any provision(s) of the Stipulations, or the rights or

obligations of any party thereunder, including without limitation, reliance on the

Stipulations as an affirmative defense to any formal or informal claim, action or

6

proceeding of any kind or nature, the prevailing party shall recover, as an element of

such party's costs of suit, and not only as damages, all reasonable costs and expenses

incurred or sustained by such prevailing party in connection therewith.

          12.    As of the Effective Date, the Trustee, on behalf of himself as Trustee,

the Debtor, the Estate, and any and all claimants whose claims are derivative of any of

the Trustee's and/or Debtor's claims in the Chapter 7 Case and the Adversary

Proceeding, and any and all of their respective successors and assigns, as well as any of

their attorneys, retained professionals, shareholders, and agents, hereby releases,

waives, acquits, and forever discharges Defendants and each of their respective past,

present and future agents, servants, employees, independent contractors, assigns, heirs,

principals, representatives, attorneys, and retained professionals from any and all claims,

damages, judgments, actions, suits, causes of action, rights, liens, obligations, attorneys'

fees, and/or any other form of liabilities or demands of any kind and nature arising,

directly or indirectly or derivatively, from or relating to the Claims, the Adversary

Proceeding, the Estate, and/or the Chapter 7 Case, whether in law or equity, whether

known or unknown, that have accrued from the beginning of time through and

including the Effective Date;  provided, however, that the foregoing release in this

paragraph 12 shall not apply to and shall not be deemed to release or discharge (a) any

obligations of Defendants arising under and pursuant to the Stipulations, or (b) any

7

claims relating to any breach of the obligations arising under and pursuant to the

Stipulations.

13.     As of the Effective Date, Defendants hereby: (a) release, waive,

acquit, and forever discharge the Trustee, the Debtor, the Estate, and any and all of their

respective successors and assigns, as well as their past, present and future

representatives, attorneys, retained professionals, shareholders, insurers, re-insurers, and

excess insurers, of and from any and all claims, damages, judgments, actions, suits,

causes of action, rights, liens, obligations, attorneys' fees, and/or any other form of

liabilities or demands of any kind and nature arising, directly or indirectly, from or

relating to the Debtor, the Estate, the Chapter 7 Case, and/or the Adversary Proceeding,

whether in law or equity, whether known or unknown, that have accrued from the

beginning of time through and including the Effective Date;  provided, however, that the

foregoing release in this paragraph 13 shall not apply to and shall not be deemed to

release or discharge (i) any obligations of the Trustee arising under and pursuant to the

Stipulations, on behalf of himself as Trustee, the Debtor, the Estate, (ii) any claims

relating to any breach of the obligations arising under and pursuant to the Stipulations,

(iii) any claim Defendants assert on the basis of this Stipulation pursuant to section

502(h) of the Bankruptcy Code, and (iv) any of the Assigned Claims with their Causes of

Action that SSM Realty Group II, LLC has or may have against any person that is named

8

or may be subsequently named by the Trustee as a Defendant of any Cause of Action related to the Assigned Claims.[1]

14.    This Stipulation is made in compromise of disputed claims and solely to avoid the expense and inconvenience of litigation and is not, nor shall it be, construed as a finding or admission of liability, fault, wrongdoing, obligation, or illegal, immoral, or unethical conduct on the part of any of the Parties.

15.    Each person signing this Stipulation represents and warrants that they are authorized to execute and deliver this Stipulation on behalf of such Party, to bind their respective client or clients to the terms and conditions of this Stipulation and to act with respect to the rights and claims that are being altered or otherwise affected by this Stipulation.  Notwithstanding anything to the contrary herein, nothing contained in this Stipulation shall constitute a waiver of the Trustee's fiduciary duties to the Debtor and the Estate in this or any other case, or his right to take such steps that he, in his sole discretion, determines to be necessary or appropriate to preserve and protect such duties, nor a waiver of Defendants' rights and remedies if the Trustee seeks to act in violation of the terms set forth in this Stipulation.

16.    The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this

---

[1]    The terms "Assigned Claims," "Causes of Action," and "Defendant" as used in this subparagraph (iv) shall have the meanings ascribed thereto in the Stipulation of Assignment.

Stipulation, and they have not, except as noted herein, relied upon any representations,

written or oral, express or implied, of any other party or person in verifying and

satisfying themselves as to such facts and/or condition of facts. Rather, the Parties to

this Stipulation relied upon their own judgment, beliefs and interest and, if applicable,

the advice of their own counsel. The Parties acknowledge that they had a reasonable

period of time to consider this Stipulation.

17.     All of the Parties represent that they (i) have carefully read this

Stipulation and know the contents thereof, (ii) have had the option of consulting with

counsel of their choice regarding the meaning of the terms herein, and (iii) are executing

this Stipulation freely and voluntarily. The Parties participated jointly in the drafting and

preparation of this Stipulation, and it shall not be construed more strictly against any of

the Parties.

18.     This Stipulation may be amended, and any provision of this

Stipulation may be waived; provided that any such amendment or waiver will be binding

upon the Parties only if such amendment or waiver is set forth in a writing executed by

all of the Parties hereto and, if necessary, approved by the Bankruptcy Court. No course

of dealing between or among any persons having any interest in this Stipulation shall be

deemed effective to modify, amend, or discharge any part of this Stipulation or any

rights or obligations of any person under or by reason of this Stipulation. No waiver of

any of the provisions of this Stipulation shall be deemed or shall constitute a waiver of

10

any other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver.

19.     This Stipulation shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent with the Bankruptcy Code, the laws of the State of New York, without giving effect to any choice of law or conflict of law rules or provisions that would cause the application of the laws of any jurisdiction other than the State of New York.

20.     The Parties acknowledge and agree that the Bankruptcy Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties with respect to this Stipulation.

21.     This Stipulation shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators, and assigns.

22.     Nothing herein expressed or implied is intended or shall be construed to confer upon or give to any person other than the Parties hereto and their respective permitted successors and assigns any rights or remedies under or by reason of this Stipulation.

23.     Except as set forth in the Stipulation of Assignment, this Stipulation constitutes the entire agreement between the Parties with respect to the subject matter of it and supersedes all prior agreements and understandings, written or oral, if any, between the Parties relating to the subject matter hereof, and any representations not

11

set forth in this Stipulation are of no force and effect. There are no other covenants,

promises, agreements, conditions, or understandings, either oral or written, express or

implied, between the Parties, except for this Stipulation and the Stipulation of

Assignment with respect to their subject matter. The terms of this Stipulation are

contractual and not merely recitals. In the event of any conflict between this Stipulation

and the Stipulation of Assignment, the terms of the Stipulation of Assignment shall

prevail.

       24.    This Stipulation may be executed in duplicate original counterparts,

each of which shall constitute an original and all of which shall constitute a single

memorandum. Execution by a party of a signature page hereto shall constitute due

execution and shall create a valid, binding obligation of the party so signing, and it shall

not be necessary or required that the signatures of all parties appear on a single

signature page hereto. It shall not be necessary, in making proof of the Stipulation, to

produce or account for more than one (1) counterpart.

       25.    A facsimile, electronic, and/or PDF signature on this Stipulation shall

be deemed to be an original signature for all purposes. In the event that a suit or

proceeding is brought to enforce the terms of this Stipulation, the plaintiff or movant

shall not be required to produce or introduce into evidence a copy of this Stipulation

bearing original signatures of the Parties, other than facsimile, electronic, and/or PDF

signatures.

12

26.    The Parties hereto shall execute and deliver such other and further

documents and perform such other and further acts as may be reasonable, necessary

and/or customary in order to consummate the transactions contemplated by this

Stipulation.

Dated:  April 16 2024

TOGUT, SEGAL & SEGAL LLP                    MELTZER, LIPPE, GOLDSTEIN & BREITSTONE,
                                            LLP

By:  /s                                     By:  /s
     NEIL BERGER                                 THOMAS J. MCGOWAN
     BRIAN F. SHAUGHNESSY

One Penn Plaza, Suite 3335                  190 Willis Avenue
New York, New York 10119                    Mineola, NY 11501
neilberger@teamtogut.com                    Tel: (516) 747-0300
bshaughnessy@teamtogut.com                  TomM@meltzerlippe.com

*Attorneys for Albert Togut,*
*Not Individually but Solely in*            *Attorneys for Defendants*
*His Capacity as Chapter 7 Trustee*


IT IS SO ORDERED

this __ day of _____, 2024
in New York, New York


_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE


13

## EXHIBIT A

**Stipulation of Assignment**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger
Brian F. Shaughnessy

*Attorneys for the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

|  |  |  |
|---|---|---|
| In re: | : | Chapter 7 |
|  | : |  |
| KOSSOFF PLLC, | : | Case No. 21-10699 (DSJ) |
|  | : |  |
| Debtor. | : |  |

-------------------------------------------------------------- X

## STIPULATION OF ASSIGNMENT

This stipulation of assignment (the "Stipulation") is made by and between

Albert Togut, not individually but solely in his capacity as Chapter 7 trustee (the

"Trustee") of the estate (the "Estate") of the above-captioned debtor (the "Debtor"), and

SSM Realty Group II, LLC ("Claimant," and together with the Trustee, the "Parties"):

### RECITALS

WHEREAS, on April 13, 2021 (the "Petition Date"), creditors of the Debtor

commenced the above-captioned Chapter 7 case (the "Chapter 7 Case") by filing an

involuntary petition for relief under Chapter 7 of title 11 of the United States Code

(the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District

of New York (the "<u>Bankruptcy Court</u>" or the "<u>Court</u>"); and

   **WHEREAS**, on May 11, 2021, the Court entered an order for relief under Chapter 7 of the Bankruptcy Code [Docket No. 14]; and

   **WHEREAS**, on May 12, 2021, Albert Togut was appointed as Chapter 7 Interim Trustee of the Debtor and its estate (the "<u>Estate</u>"); he duly qualified and is acting as Trustee of the Debtor; and

   **WHEREAS**, on June 15, 2021, the Bankruptcy Court entered an order authorizing the Trustee to retain Togut, Segal & Segal LLP as his bankruptcy counsel [Docket No. 72]; and

   **WHEREAS**, Claimant filed Proof of Claim No. 29 (the "<u>Proof of Claim</u>") in the Chapter 7 Case in the amount of $1,565,041.78; and

   **WHEREAS**, SSM Realty Group II, LLC entered into the Reimbursement Agreement with the Board of Trustees for the Lawyers' Fund for Client Protection for the State of New York dated December 19, 2022 ("Reimbursement Agreement") which provides that SSM Realty Group II, LLC assigned and subrogated to the Lawyers; Fund all rights, claims and causes of action that SSM Realty Group II, LLC "...possesses or may possess against such former attorney, the attorney's estate, law partners, law firm, and any other person or entity who may be liable for..." SSM Realty Group II, LLC's "...loss".

   **WHEREAS**, pursuant to a separate agreement among Claimant, SSM Realty Group, LLC, and the Trustee (the "<u>Settlement Stipulation</u>"), Claimant and SSM Realty

2

Group II, LLC have settled claims asserted in Adv. Pro. No. 24-01004 (DSJ), pursuant to
which Claimant will amend the Proof of Claim to assert a claim pursuant to Bankruptcy
Code section 502(h) for a total claim amount of $2,070,041.78 (the "Amended Proof of
Claim," and together with the "Proof of Claim," the "Proof of Claim"); and

WHEREAS, Claimant and the Trustee have engaged in good faith
discussions regarding the various claims and causes of action that Claimant and/or the
Estate have or may have against persons (as that term is defined in Bankruptcy Code
section 101(41)) (the "Defendants") concerning the conduct of Mitchell Kossoff
("Kossoff"), the Debtor and others prior to the Petition Date (the "Causes of Action");
and

WHEREAS, as a result of those discussions, and for the sake of efficiency
and administrative convenience, Claimant has agreed to contribute, transfer,
hypothecate, and assign to the Trustee and the Estate all claims and Causes of Action
that Claimant has or may have against the Defendants that arise from or are related to
the Proof of Claim (collectively, the "Assigned Claims") upon the terms set forth herein;
and

WHEREAS, as good and sufficient consideration for such assignment, the
Trustee has agreed, subject to Bankruptcy Court approval, that Claimant shall receive a
certain percentage distribution (the "Percentage Distribution"), as more fully set forth

3

below, from the proceeds of any recovery that the Trustee obtains by judgment, settlement or otherwise on account of the Assigned Claims.

NOW, THEREFORE, in consideration of the mutual promises, agreements and releases contained herein, the sufficiency of which is hereby acknowledged and agreed, the Parties, intending to be legally bound, agree that:

## SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, intending to be legally bound, as follows:

1.    Recitals. The recitals set forth above are incorporated herein by reference.

2.    Order of Approval. Promptly following his receipt of a fully signed copy of the Stipulation, and when he deems it prudent and in the best interests of the Estate, the Trustee will seek entry of an order of the Bankruptcy Court approving this Stipulation (the "Approval Order"). The Stipulation shall be binding on the Parties upon execution, and each of the Parties shall support entry of the Approval Order. If not approved by the Court, this Stipulation shall be null and void, with no force or effect, and the Parties will be returned to the *status quo ante* as if the Stipulation had never been entered. The terms and conditions of this Stipulation shall not be stayed pursuant to Rule 6004 of the Federal Rules of Bankruptcy Procedure.

4

3.      Contribution, Transfer and Assignment of Claims.   Upon entry of the

Approval Order, Claimant shall and hereby does contribute, transfer, hypothecate, and

assign to the Trustee and the Estate, on an "As Is/Where Is" basis and subject to the

Reimbursement Agreement, all of the Assigned Claims with their Causes of Action that

Claimant has or may have against any person that is named or may be subsequently

named by the Trustee as a Defendant of any Cause of Action related to the Assigned

Claims.

4.      Percentage Distribution.   The Trustee and Claimant agree that

Claimant shall receive the Percentage Distribution, which shall be calculated as:  25% of

the proceeds recovered by the Trustee that are allocable to the Assigned Claims, with

the Trustee entitled to retain the other 75%.  The Trustee shall distribute the Percentage

Distribution to Claimant upon entry of a further order of this Court.

5.      Reservation of Rights.   Claimant otherwise reserves and retains all

claims and causes action against persons (as that term is defined in Bankruptcy Code

section 101(41)) who are not the Defendants.

6.      Integration; Modification; Binding Effect.   Except as set forth in the

Settlement Stipulation, this Stipulation sets forth the entire agreement and

understanding between the Parties as to the subject matter hereof and supersedes any

prior understanding or agreement between the Parties regarding the matters set forth

herein.  This Stipulation may be amended or modified only by a writing signed by each

5

of the Parties as may be reasonably necessary to carry out the terms of this Stipulation,

and, if necessary, approved by the Bankruptcy Court. No course of dealing between or

among any persons having any interest in this Stipulation shall be deemed effective to

modify, amend, or discharge any part of this Stipulation or any rights or obligations of

any person under or by reason of this Stipulation. This Stipulation is binding upon and

shall inure to the benefit of each Party hereto, and each of its successors and assigns. In

the event of any conflict between this Stipulation and the Settlement Stipulation, the

terms of this Stipulation shall prevail.

       7.    No Reliance. The Parties agree that in executing this Stipulation

and in accepting the consideration provided for herein, each Party does so with full

knowledge of any and all rights it may have regarding the matters set forth herein. Each

Party represents that, in executing this Stipulation, it is not relying upon and has not

relied upon any representation or statement made by the other Party. Each of the

Parties hereby assumes all risks associated with this Stipulation and the Assigned Claims,

including the risk that any Party has made a mistake with respect to any facts or legal

rights, whether known or unknown, in connection with this Stipulation or the Assigned

Claims. This Stipulation shall be construed in all respects as jointly drafted, and shall not

be construed in any way against any Party hereto on the grounds that the Party was the

drafter of this Stipulation, and no presumption or burden of proof shall arise favoring or

6

disfavoring any Party by virtue of the authorship of any of the provisions of this Stipulation.

        8.    Representation by Counsel. Each person signing this Stipulation represents and warrants that they are authorized to execute and deliver this Stipulation on behalf of such Party, to bind their respective client or clients to the terms and conditions of this Stipulation and to act regarding the rights and claims that are being altered or otherwise affected by this Stipulation. The Parties agree that they have each received independent legal advice from their attorneys regarding their rights. The Parties further agree that they and their counsel have each had an adequate opportunity to make whatever investigation or inquiry they may deem necessary or desirable in connection with the subject matter of this Stipulation, prior to the execution hereof. Notwithstanding anything to the contrary herein, nothing contained in this Stipulation shall constitute a waiver of the Trustee's fiduciary duties to the Debtor's Estate in this or any other case, or his right to take such steps that he, in his sole discretion, determines to be necessary or appropriate to preserve and protect such duties.

        9.    Governing Law. This Stipulation shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent with the Bankruptcy Code, the laws of the State of New York, without giving effect to any choice of law or conflict of law rules or provisions that would cause the application of the laws of any jurisdiction other than the State of New York. The Parties acknowledge

7

4867-2054-6999, v. 1

and agree that the Bankruptcy Court shall have exclusive jurisdiction to hear and

determine any claims or disputes between the Parties regarding this Stipulation.

      10.    <u>Rule 408 Communication</u>.  No statement made or action taken in

connection with the negotiation of this Stipulation shall be offered or received in

evidence or in any way referred to in any legal action among or between the Parties,

other than as may be necessary to obtain approval of and enforce this Stipulation or any

dispute hereunder.  All of the paper and digital documents that were exchanged by the

Parties during their negotiations concerning this Stipulation are subject to Federal Rule

of Evidence 408.

*[Remainder of page intentionally left blank]*

8

11.    Counterparts. This Stipulation may be executed in counterparts,

and each fully executed counterpart shall be deemed an original of this Stipulation.

Facsimile, electronic, and pdf format signatures shall be deemed originals and given the

same force and effect.

Dated:   April 16 2024

TOGUT, SEGAL & SEGAL LLP
By:



NEIL BERGER
BRIAN F. SHAUGHNESSY
One Penn Plaza, Suite 3335
New York, New York 10119
Tel: (212) 594-5000

*Attorneys for the Chapter 7 Trustee*

MELTZER, LIPPE, GOLDSTEIN &
BREITSTONE, LLP
By:



THOMAS J. MCGOWAN
190 Willis Avenue
Mineola, NY 11501
Tel: (516) 747-0300

*Attorneys for SSM Realty Group II, LLC*


SO ORDERED on this ____

day of _____, 2024



_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

9

4867-2054-6999, v. 1

**EXHIBIT B**

**Berger Declaration**

Togut, Segal & Segal LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Minta J. Nester
Jared C. Borriello
John C. Gallego

*Attorneys for Albert Togut*
*Not Individually But Solely in His Capacity*
*as the Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT`**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ X
                                                             :
In re:                                                       :      Chapter 7
                                                             :
KOSSOFF PLLC,                                                :      Case No. 21-10699 (DSJ)
                                                             :
                              Debtor.                        :
                                                             :
------------------------------------------------------------ X
ALBERT TOGUT, Not Individually but Solely                    :
in His Capacity as Chapter 7 Trustee of the                  :
Estate of Kossoff PLLC,                                       :
                                                             :      Adv. Pro. No. 23-01023 (DSJ)
                              Plaintiff,                      :
                                                             :
              v.                                             :
                                                             :
COLGATE UNIVERSITY and                                       :
JEREMY KOSSOFF,                                              :
                                                             :
                              Defendants.                    :
------------------------------------------------------------ X
ALBERT TOGUT, Not Individually but Solely                    :
in His Capacity as Chapter 7 Trustee of the                  :
Estate of Kossoff PLLC,                                       :
                                                             :      Adv. Pro. No. 23-01063 (DSJ)
                              Plaintiff,                      :
                                                             :
              v.                                             :
                                                             :
BANK OF AMERICA, N.A.,                                       :
                                                             :
                              Defendant.                     :
------------------------------------------------------------ X

```
-------------------------------------------------------- X
ALBERT TOGUT, Not Individually but Solely     :
in His Capacity as Chapter 7 Trustee of the    :
Estate of Kossoff PLLC,                        :
                                               :        Adv. Pro. No. 23-01064 (DSJ)
                Plaintiff,                     :
                                               :
         v.                                    :
                                               :
BANK OF AMERICA, N.A.,                         :
                                               :
                Defendant.                     :
-------------------------------------------------------- X
ALBERT TOGUT, Not Individually but Solely     :
in His Capacity as Chapter 7 Trustee of the    :
Estate of Kossoff PLLC,                        :
                                               :        Adv. Pro. No. 23-01077 (DSJ)
                Plaintiff,                     :
                                               :
         v.                                    :
                                               :
145 HENRY PARTNERS, LLC,                       :
                                               :
                Defendant.                     :
-------------------------------------------------------- X
ALBERT TOGUT, Not Individually but Solely     :
in His Capacity as Chapter 7 Trustee of the    :
Estate of Kossoff PLLC,                        :
                                               :        Adv. Pro. No. 23-01105 (DSJ)
                Plaintiff,                     :
                                               :
         v.                                    :
                                               :
HAVERFORD COLLEGE,                             :
                                               :
                Defendant.                     :
-------------------------------------------------------- X
ALBERT TOGUT, Not Individually but Solely     :
in His Capacity as Chapter 7 Trustee of the    :
Estate of Kossoff PLLC,                        :
                                               :        Adv. Pro. No. 24-01004 (DSJ)
                Plaintiff,                     :
                                               :
         v.                                    :
                                               :
SSM REALTY GROUP, LLC and SSM REALTY :
GROUP II, LLC,                                 :
                                               :
                Defendants.                    :
-------------------------------------------------------- X
```

2

### DECLARATION OF NEIL BERGER IN SUPPORT OF
### TRUSTEE'S THIRD OMNIBUS APPLICATION FOR AN ORDER
### <u>APPROVING STIPULATIONS SETTLING ADVERSARY CLAIMS</u>
(Colgate, Bank of America, 145 Henry Partners, Haverford, SSM Realty)

Pursuant to 28 U.S.C. § 1746, I, Neil Berger, declare:

1.        I am a member of Togut, Segal & Segal LLP and counsel to Albert Togut, not individually but solely in his capacity as Chapter 7 trustee (the "<u>Plaintiff</u>" or "<u>Trustee</u>") of the estate of the above captioned debtor (the "<u>Debtor</u>").

2.        I submit this declaration (the "<u>Declaration</u>") in support of the Trustee's application (the "<u>Application</u>")[1] for entry of an order, substantially in the form attached to the Application as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>"), approving the Stipulations with the Settling Defendants, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

3.        Except as otherwise set forth herein, all statements in this Declaration are based on my personal knowledge, familiarity with the Debtor's affairs, my privileged communications with the Trustee and/or my review of relevant documents.  If I were called upon to testify, I could and would testify competently to the facts set forth herein.

4.        I have reviewed the factual recitations contained in the Application concerning the Adversary Proceedings and believe they are accurate.  Those recitations are incorporated herein.

5.        The Trustee has concluded that the Stipulations further the interests of the Debtor's Estate by:  (i) obtaining the recovery of $954,763.80;  and (ii) waiving certain of the Settling Defendants' claims against the Estate pursuant to

---

[1]   Capitalized terms used herein and not otherwise defined shall have the meanings ascribed thereto in the Application.

Bankruptcy Code section 502(h) on account of the respective settlement amounts that they have agreed to pay.

6.     The Trustee's recovery from the Settling Defendants represents at least 70% of the demonstrated net Claims, and the Estate will benefit from SSM's assignment of Claim No. 29 to the Trustee.

7.     The Trustee carefully considered and researched the various defenses to the Claims asserted by the Settling Defendants.

8.     The Stipulations are the product of arm's-length and good faith negotiations over the course of months between the Trustee and counsel for the Settling Defendants, which included months of negotiations.

9.     The Stipulations also avoid the cost, delay and risk of further litigation and will fully resolve the Claims.

10.     The Trustee, in his considered business judgment, concluded that the Stipulations are fair, reasonable and equitable, in the best interests of the Debtor's Estate, and are well above the lowest point in the range of reasonable potential litigation outcomes.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:     New York, New York
           July 31, 2024

                              /s/ Neil Berger
                              NEIL BERGER
                              TOGUT, SEGAL & SEGAL LLP
                              One Penn Plaza, Suite 3335
                              New York, New York 10119
                              (212) 594-5000